**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
—————————————————————————————X

SYLVIA ARJE, as Parent and
Natural Guardian of Z.A., and SYLVIA ARJE,
Individually,

MASSIEL DE LA CRUZ, as Parent and
Natural Guardian of D.D.L.C., and MASSIEL
DE LA CRUZ, Individually,

PATRICK DONOHUE, as Parent and                    24-cv-03115
Natural Guardian of S.J.D., and PATRICK
DONOHUE, Individually,                            **COMPLAINT**

              Plaintiffs,

      -against-

DAVID C. BANKS, in his official capacity as
Chancellor of the New York City Department of
Education, and the NEW YORK CITY
DEPARTMENT OF EDUCATION,

              Defendants.
—————————————————————————————X

      Plaintiffs, SYLVIA ARJE, the Parent and Natural Guardian of Z.A.[1]; MASSIEL

DE LA CRUZ, the Parent and Natural Guardian of D.D.L.C., and PATRICK

DONOHUE, the Parent and Natural Guardian of S.J.D.; and each Parent

individually, (collectively "Plaintiffs"), for their Complaint against DAVID C.

BANKS, in his official capacity as Chancellor of the New York City Department of

---

[1] Although the full names of the Parents are used herein, consistent with the federal Family
Educational Rights and Privacy Act, 20 U.S.C. § 1232g and its regulations (34 C.F.R. Part 99)
("FERPA"), Plaintiffs' Counsel is using the initials of the Student to protect that Student's privacy.

Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION (collectively "DOE") allege as follows:

## **PRELIMINARY STATEMENT**

1. The Individuals with Disabilities Education Act ("IDEA") offers federal funds to States in exchange for a commitment to furnish a "free appropriate public education" ("FAPE") to all children with physical or intellectual disabilities. *See* 20 U.S.C. § 1401(3)(A)(i) (listing covered disabilities).

2. As defined in the IDEA, a FAPE comprises special education and related services—instruction tailored to meet a child's unique needs and supportive services sufficient to permit the child to benefit from the instruction. 20 U.S.C. § 1401 (26) and (29).

3. An eligible child acquires a substantive right to such an education once a State accepts the IDEA's financial assistance from the Federal Government.

4. Under the IDEA, an Individualized Education Program ("IEP") is the primary vehicle for providing a child with the promised FAPE.

5. Fundamental to the IDEA's due process structure are strict and explicit timelines for holding impartial hearings and issuing a Findings of Fact and Decision ("FOFD") and/or Decision issued by the New York State Education Department's Office of State Review.

6. Filing a Due Process Complaint ("DPC") triggers a 30-day "resolution period," during which DOE must have a settlement meeting with a parent or legal

guardian within 15 days of receiving the DPC. 34 C.F.R. § 300.510(a); *see also* 20 U.S.C. § 1415(f)(1)(B).

7.  If DOE does not resolve the DPC to the Parent's satisfaction by the close of the 30-day resolution period or fails to hold a settlement meeting, the matter goes to an Impartial Hearing. 20 U.S.C. § 1415 (f)(1)(B)(ii); 34 C.F.R. § 300.510(b)(1).

8.  Federal regulations and New York State Education Law require an Impartial Hearing Officer ("IHO") to issue an FOFD no later than 45 days after the 30-day resolution period ends. 34 C.F.R. § 300.515(a); N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(j)(5); *see also id.* §§ 200.5(j)(2)(v)(b), 200.5(j)(3)(iii)(b).

9.  A school district's failure to provide a timely due process hearing violates the procedural safeguards provided by the IDEA.

10. A violation of the IDEA's procedural guarantees may be sufficient ground for holding that a school system has failed to provide a FAPE and thus has violated the Act.

11. Plaintiffs seek an order requiring DOE to comply with the final Administrative Orders in their IDEA proceedings, which order DOE to fully fund the cost of each Plaintiff's Student's educational placement at the International Institute for the Brain ("iBRAIN").

12. Further, Plaintiffs seek an award of reasonable attorneys' fees as part of the costs awarded to the Parent of a child with a disability as a "prevailing party" in the underlying IDEA proceedings.

## JURISDICTION AND VENUE

13. This case arises under a federal statute, the IDEA, 20 U.S.C. § 1400, *et seq.*, and the United States Department of Education regulations promulgated under authority granted by statute. 34 C.F.R. Part 300.

14. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331, in that the claims here arise under federal law (IDEA), 20 U.S.C. § 1400, *et seq.*, 28 U.S.C. § 1343(a), and under laws protecting civil rights.

15. Jurisdiction is also proper under 42 U.S.C. § 1983, as Defendants acted under the color of law.

16. To the extent, if any, that this case involves questions about special education rights under New York State Education Law, the Court has supplemental jurisdiction under 28 U.S.C. § 1367.

17. The Court may order declaratory and injunctive relief under 28 U.S.C. § 2201 and § 2202.

18. Under 28 U.S.C. § 1391(b), venue is appropriately placed in the Southern District of New York, in that DOE maintains business offices in New York County.

## THE PARTIES

19. Z.A. was five years old during the 2023–2024 school year.

20. Z.A. is a child with a disability, as defined by 20 U.S.C. § 1401(3).

21. Z.A. is entitled to receive a FAPE and related services from DOE.

22. Plaintiff SYLVIA ARJE is the Parent and Natural Guardian of Z.A.

23. At all relevant times herein, Plaintiff SYLVIA ARJE and Z.A. resided in the City of New York.

24. D.D.L.C. was twenty years old during the 2023–2024 school year.

25. D.D.L.C. is a child with a disability, as defined by 20 U.S.C. § 1401(3).

26. D.D.L.C. is entitled to receive a FAPE and related services from DOE.

27. Plaintiff MASSIEL DE LA CRUZ is the Parent and Natural Guardian of D.D.L.C.

28. At all relevant times herein, Plaintiff MASSIEL DE LA CRUZ and D.D.L.C. resided in the City of New York.

29. S.J.D. was eighteen years old during the 2023–2024 school year.

30. S.J.D. is a child with a disability, as defined by 20 U.S.C. § 1401(3).

31. S.J.D. is entitled to receive a FAPE and related services from DOE.

32. Plaintiff PATRICK DONOHUE is the Parent and Natural Guardian of S.J.D.

33. At all relevant times herein, Plaintiff PATRICK DONOHUE and S.J.D. lived in the City of New York.

34. At all relevant times herein, Defendant NEW YORK CITY DEPARTMENT OF EDUCATION is, and was, a corporate body created by Article 52 of the New York State Education Law, CLS N.Y. Educ. Law § 2550 (McKinney) *et seq.* that manages and controls the educational affairs of the New York City public schools.

35. Defendant NEW YORK CITY DEPARTMENT OF EDUCATION is the Local Education Agency ("LEA"), defined in 14 U.S.C. § 1401 and 34 C.F.R. § 300.28, responsible for providing each Student with a FAPE.

36. New York State and DOE have established policies and procedures, both written and informal, concerning IDEA's implementation.

37. DOE receives federal funding according to the IDEA, 20 U.S.C. § 1412.

38. Because DOE receives funding under the IDEA, 20 U.S.C. § 1412, it must comply with its provisions.

39. DOE's principal place of business is located at 52 Chambers Street, in the County and State of New York.

40. The NEW YORK CITY DEPARTMENT OF EDUCATION's Impartial Hearing Order implementation unit is located at 65 Court Street, Room 1503, Brooklyn, New York 11201.

41. At all relevant times set forth herein, Plaintiffs were New York City residents and lived within the DOE school district.

42. At all relevant times set forth herein, DOE was responsible for providing a FAPE to all students with disabilities, including Z.A., D.D.L.C., and S.J.D., who all live in DOE's school district, according to statutory rights arising under the IDEA, its implementing regulations, and the applicable Part 200 Regulations implemented by New York State, to the extent such regulations are not inconsistent with the IDEA.

## FACTUAL ALLEGATIONS

43. Congress enacted the IDEA to ensure that students with disabilities, such as Z.A., D.D.L.C., and S.J.D., have meaningful access to public education.

44. States that participate in the IDEA receive federal funds and agree to provide a FAPE to all children with disabilities in the State and comply with the IDEA's procedural and substantive mandates.

45. New York State has chosen to participate in and implement the IDEA framework and has established procedures for providing special education services to children with disabilities, set forth in N.Y. Educ. Law § 4401 (McKinney) *et seq.*

46. The primary mechanism for implementing a FAPE is the IEP defined in 20 U.S.C. § 1401(14), 1414(d).

47. An IEP is a written statement prepared for every child with a disability that sets forth the special education and related services, supplementary aids and services, and program modification or supports to be provided to the child, on or behalf of the child, to enable that child to achieve a comprehensive set of annual goals and short-term objectives.

### SYLVIA ARJE, AS PARENT AND NATURAL GUARDIAN OF Z.A. 2022–2023 SCHOOL YEAR—IHO CASE NO. 243409

48. On December 6, 2022, Plaintiff SYLVIA ARJE brought a DPC against DOE, alleging, among other things, that DOE did not provide Z.A. a FAPE for the 2022–2023 school year, that iBRAIN was an appropriate unilateral placement for Z.A., and that equities favored their request for tuition reimbursement.

49. The DPC was assigned IHO Case No. 243409.

50. On January 20, 2023, DOE appointed Allana Alexander to serve as the IHO.

51. On June 19, 2023, IHO Alexander issued an FOFD.

52. On June 19, 2023, IHO Alexander Ordered the following:

    a. IT IS HEREBY ORDERED that the Parent's request for the direct and prospective tuition funding is denied.

    b. FURTHER ORDERED that the District shall fund an independent Neuropsychological evaluation for the Student, to be conducted by a New York state licensed psychologist of the Parent's choosing at a reasonable market rate.

    c. FURTHER ORDERED that the District's Committee on Special Education shall reconvene within 30 school days of receipt of the ordered evaluation, or sooner upon agreement of the parties.

53. A copy of the FOFD for Z.A., in IHO Case No. 243409, dated June 19, 2023, is attached hereto as **EXHIBIT 1**.

54. Parent-Plaintiff SYLVIA ARJE filed a Request for Review ("RFR") with the Office of State Review on July 31, 2023, requesting review of IHO Alexander's FOFD.

55. On September 20, 2023, State Review Officer ("SRO") Justyn P. Bates issued SRO Decision No. 23–157 relative to Z.A.'s 2022–2023 SY.

56. In Decision No. 23–157, SRO Bates Ordered the following:

    a. IT IS ORDERED that the IHO's decision dated June 19, 2023, is modified by reversing those portions which found that the district offered the student a FAPE for the 2022–23 school year and ordered an independent neuropsychological at district expense.

    b. IT IS FURTHER ORDERED that the matter is remanded to the IHO for further proceedings regarding the appropriateness of iBrain for the 2022–23 school year and a weighing of the equitable considerations in accordance with this decision.

57. A copy of SRO Decision No. 23–157 for Z.A., relative to IHO Case No. 243409, dated September 20, 2023, is attached hereto as **EXHIBIT 2**.

58. Upon remand, the administrative matter was sent back to IHO Alexander, whereupon she issued a FOFD on February 19, 2024.

59. In the February 19, 2024, FOFD, IHO Alexander Ordered the following:

   a. IT IS HEREBY ORDERED that the District directly fund the Student's full tuition (base and supplemental) at the Private School for the 2022/23 school year.

   b. FURTHER ORDERED that the District directly fund the Student's special transportation provider at the contracted rate for the 2022/23 school year.

60. A copy of the FOFD, post-remand, for Z.A., in IHO Case No. 243409 dated February 19, 2024, is attached hereto as **EXHIBIT 3**.

61. The IHO issued the FOFD <u>440 days</u> after SLYVIA ARJE filed her DPC against DOE for the 2022–2023 school year.

62. DOE had 40 days from February 19, 2024, to appeal to the Office of State Review by filing a verified RFR.

63. DOE did not file a verified RFR; DOE did not appeal to the Office of State Review.

64. The February 19, 2024, FOFD is the final Order relative to Z.A.'s 2022–2023 due process proceedings.

65. Plaintiff SLYVIA ARJE is the prevailing party in the underlying administrative proceedings relative to IHO Case No. 243409 for the 2022–2023 school year.

66. DOE has not complied with the FOFD in IHO Case No. 243409.

67. DOE has not fully implemented the FOFD in IHO Case No. 243409.

68. DOE has not funded the total cost of Z.A.'s tuition and related services associated with Z.A.'s unilateral placement at iBRAIN for the 2022–2023 school year.

69. In any action or proceeding brought under the IDEA, a court of competent jurisdiction may award reasonable attorneys' fees as part of the costs to a "prevailing party" who is the Parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i).

70. A Parent may be eligible for attorneys' fees if deemed a "prevailing party" in an IDEA action.

71. A Parent is considered a "prevailing party" if the Parent attains success on any significant issue in the litigation or proceeding that achieves some of the benefits sought, and the manner of the resolution of the dispute constitutes a change in the legal relationship of the parties.

72. In IDEA administrative proceedings, relief ordered by an IHO alters the legal relationship between the parties.

73. On February 19, 2024, the IHO issued an FOFD in IHO Case No. 243409 in favor of Plaintiff SLYVIA ARJE.

74. The FOFD altered the legal relationship between DOE and Plaintiff SLYVIA ARJE.

75. Plaintiff SLYVIA ARJE is the prevailing party in the underlying administrative proceedings for IHO Case No. 243409.

76.  The DOE did not appeal the FOFD in IHO Case No. 243409, dated February 19, 2024.

77.  At all times set forth herein, Plaintiff SLYVIA ARJE was represented by the Brain Injury Rights Group, Ltd., by and through the attorneys, associates, and other legal staff employed thereby, in the administrative proceedings brought against the Defendants under the IDEA, and New York State's Education Laws, relative to the DPC filed for the 2022–2023 school year.

78.  SLYVIA ARJE is entitled to reasonable attorneys' fees as the prevailing party in IHO Case No. 243409.

79.  The Parent-Plaintiff's law firm, the attorneys, and/or other legal staff employed thereat spent many hours representing Plaintiff SLYVIA ARJE in the underlying IDEA proceedings relative to IHO Case No. 243409.

80.  SLYVIA ARJE hereby requests and/or otherwise preserves her right to request an award of reasonable attorneys' fees as the prevailing party in IHO Case No. 243409 in an amount to be provided at a date after the filing of the Complaint herein.

**SYLVIA ARJE, AS PARENT AND NATURAL GUARDIAN OF Z.A.**
**2023–2024 SCHOOL YEAR—IHO NO. 250852**

81.  On July 5, 2023, Plaintiff SYLVIA ARJE brought a DPC against DOE, alleging, among other things, that DOE did not provide Z.A. a FAPE for the 2023–2024 school year, that iBRAIN was an appropriate unilateral placement for Z.A., and that equities favored their request for tuition reimbursement.

82.  The DPC was assigned IHO Case No. 250852.

83. On January 20, 2023, DOE appointed David Korngold to serve as the IHO.

84. On November 16, 2023, IHO Korngold issued an FOFD.

85. IHO Korngold ordered the following:

   a. IT IS HEREBY ORDERED that the New York City Department of Education ("DOE") is to fund the cost of Student's 2023–2024 school year tuition and pay to Private School a total amount of $190,000.00 and it is further ordered:

   b. THAT the New York City Department of Education ("DOE") is to fund the cost of Student's transportation for a sixty-minute trip each way, in a climate-controlled vehicle with a wheelchair life, and a paraprofessional at the market rate of such transportation.

86. A copy of the FOFD for Z.A., in IHO Case No. 250852, dated November 16, 2023, is attached hereto as **EXHIBIT 4**.

87. Parent-Plaintiff SYLVIA ARJE filed an RFR with the Office of State Review on December 26, 2023, requesting review of IHO Krongold's FOFD issued on November 16, 2023.

88. On February 14, 2024, SRO Steven Krolak issued SRO Decision No. 23–314 relative to Z.A.'s 2023–2024 SY.

89. In Decision No. 23–314, SRO Krolak found that the hearing record demonstrated that iBRAIN was an appropriate unilateral placement for Z.A. during the 2023–2024 school year and that equitable considerations do not warrant a reduction or denial of the relief sought by the parent.

90. Specifically, SRO Krolak ordered:

   a. IT IS ORDERED that the IHO's decision, dated November 16, 2023, is modified by reversing those portions which reduced or denied the amount of funding to be paid by the district for the private transportation services for the 2023–24 school year; and

b. IT IS FURTHER ORDERED that the district is directed to fully fund the student's special transportation for the 2023–2024 school year as set forth in the relevant contract in the hearing record.

91. A copy of SRO Decision No. 23–314 for Z.A., relative to IHO Case No. 250852, dated February 14, 2024, is attached hereto as **EXHIBIT 5**.

92. The IHO issued the FOFD **134 days** after SYLVIA ARJE filed her DPC against DOE for the 2023–2024 school year.

93. The SRO issued his decision **224 days** after SYLVIA ARJE filed her DPC against DOE for the 2023–2024 school year.

94. SRO Decision No. 23–314 is the final Order relative to Z.A.'s 2023–2024 due process proceedings.

95. Plaintiff SLYVIA ARJE is the prevailing party of the underlying administrative proceedings relative to IHO Case No. 250852 for the 2023–2024 school year.

96. DOE has not complied with the FOFD or SRO Decision in IHO Case No. 250852.

97. DOE has not fully implemented the SRO Decision in IHO Case No. 250852.

98. DOE has not funded the total cost of Z.A.'s tuition and related services associated with Z.A.'s unilateral placement at iBRAIN for the 2023–2024 school year.

99. Because DOE failed to remit payment in a timely manner, Plaintiff has been assessed "late fees" under their relevant tuition and service contracts relative to their unilateral placement with iBRAIN during the 2023–2024 SY.

100. Plaintiffs are entitled to recover these "late fees" because of the DOE's negligence in implementing the final administrative order.

101. In any action or proceeding brought under the IDEA, a court of competent jurisdiction may award reasonable attorneys' fees as part of the costs to a "prevailing party" who is the Parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i).

102. A parent may be eligible for attorneys' fees if deemed a "prevailing party" in an IDEA action.

103. A Parent is considered a "prevailing party" if the Parent attains success on any significant issue in the litigation or proceeding that achieves some of the benefits sought, and the manner of the resolution of the dispute constitutes a change in the legal relationship of the parties.

104. In IDEA administrative proceedings, relief ordered by an IHO alters the legal relationship between the parties.

105. On November 16, 2023, the IHO issued an FOFD in IHO Case No. 250852 in favor of Plaintiff SLYVIA ARJE.

106. The FOFD altered the legal relationship between DOE and Plaintiff SLYVIA ARJE.

107. Plaintiff SLYVIA ARJE is the prevailing party in the underlying administrative proceedings for IHO Case No. 250852.

108. DOE did not appeal the FOFD in IHO Case No. 250852, dated November 16, 2023.

109. At all times set forth herein, Plaintiff SLYVIA ARJE was represented by the Brain Injury Rights Group, Ltd., by and through the attorneys, associates, and

other legal staff employed thereby, in the administrative proceedings brought against the Defendants under the IDEA, and New York State's Education Laws, relative to the DPC filed for the 2023–2024 school year.

110. SLYVIA ARJE is entitled to reasonable attorneys' fees as the prevailing party in IHO Case No. 250852.

111. The Parent-Plaintiff's law firm, the attorneys, and/or other legal staff employed thereat spent many hours representing Plaintiff SLYVIA ARJE in the underlying IDEA proceedings relative to IHO Case No. 250852.

112. SLYVIA ARJE hereby requests and/or otherwise preserves her right to request an award of reasonable attorneys' fees as the prevailing party in IHO Case No. 250852 in an amount to be provided at a date after the filing of the Complaint herein.

**MASSIEL DE LA CRUZ AS PARENT AND
NATURAL GUARDIAN OF D.D.L.C.
2023–2024 SCHOOL YEAR—IHO NO. 250961**

113. On or about July 5, 2023, Plaintiff MASSIEL DE LA CRUZ brought a DPC against DOE, alleging, among other things, that DOE did not provide D.D.L.C. a FAPE for the 2023–2024 school year that iBRAIN was an appropriate unilateral placement for D.D.L.C., and that equities favored their request for funding of the education and related services, including special transportation, for the 2023–2024 extended school year. 20 U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).

114. The DPC was assigned IHO Case No. 250961.

115. On July 11, 2023, DOE appointed Vanessa M. Gronbach as the IHO.

116. On March 3, 2024, the IHO issued an FOFD.

117. In the FOFD, IHO Gronbach concluded:

   a. ORDER THAT, the District shall reimburse the Parent and/or directly pay the Private School for the full tuition and fees, including a paraprofessional, and additional related services costs, for the 12-month 2023/24 school year;

   b. ORDER THAT, the District shall reimburse the Parent and/or directly pay the Private Nursing services for the 12-month 2023/24 school year.

   c. ORDER THAT, the District shall reimburse the Parent and/or directly pay the Private Transportation company for the full costs associated with transporting the Student in a lift-bus/wheelchair ramp bus with limited travel time of 90 minutes, air-conditioning, and a nurse, for the 12-month 2023/24 school year.

   d. ORDER THAT, the District shall fund independent evaluations for the Student consisting of: a neuropsychological evaluation, speech language evaluation, occupational therapy evaluation, physical therapy evaluation, and assistive technology evaluation; to be conducted by licensed/certified providers of the Parent's choosing, and to be paid at market rate within 30 calendar days of receiving the reports;

   e. ORDER THAT, the District shall reconvene the CSE to review the updated evaluations within 30 days of receipt of the evaluation reports (the CSE is still obligated to hold its annual meeting as per the IDEA, regardless of whether the above ordered IEEs are not completed).

118. A copy of the FOFD for D.D.L.C. by IHO, Case No. 250961 (March 3, 2024) is attached hereto as **EXHIBIT 6**.

119. That IHO issued the FOFD **242 days** after MASSIEL DE LA CRUZ filed his DPC against DOE for the 2023–2024 school year.

120. DOE had 40 days from March 3, 2024, to appeal—to file a verified Request for Review ("RFR") of—the FOFD to the Office of State Review.

121. DOE did not file a verified RFR; DOE did not appeal to the Office of State Review.

122. The March 3, 2024, FOFD is the final Order relative to D.D.L.C.'s 2023–2024 Due Process Proceedings.

123. Plaintiff MASSIEL DE LA Cruz is the prevailing party in the underlying administrative proceedings relative to IHO Case No. 250961 for the 2023–2024 school year.

124. DOE has not complied with the FOFD in IHO Case No. 250961.

125. DOE has not funded the total cost of D.D.L.C.'s tuition and additional related service costs, nursing fees, independent evaluations, and specialized transportation costs associated with D.D.L.C.'s unilateral placement at iBRAIN for the 2023–2024 school year and pertinent ordered evaluations.

126. Further, because DOE failed to remit payment in a timely manner, Plaintiff has been assessed "late fees" under their relevant tuition and service contracts relative to their unilateral placement with iBRAIN during the 2023–2024 SY.

127. As such, Plaintiffs are entitled to recover these "late fees" because of the DOE's negligence in implementing the final administrative order.

128. In any action or proceeding brought under the IDEA, a court of competent jurisdiction may award reasonable attorneys' fees as part of the costs to a "prevailing party" who is the Parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i).

129. A Parent may be eligible for attorneys' fees if deemed a "prevailing party" in an IDEA action.

130. A Parent is considered a "prevailing party" if the Parent attains success on any significant issue in the litigation or proceeding that achieves some of the benefit sought, and the manner of the resolution of the dispute constitutes a change in the parties' legal relationship.

131. In IDEA administrative proceedings, relief ordered by an IHO alters the legal relationship between the parties.

132. In IDEA proceedings, where an IHO issues an order in favor of the Parent of a child with a disability, the Parent is the prevailing party.

133. On March 5, 2024, the IHO issued a FOFD in IHO Case No. 250961 in favor of Plaintiff MASSIEL DE LA CRUZ.

134. The FOFD altered the legal relationship between DOE and Plaintiff MASSIEL DE LA CRUZ.

135. Plaintiff MASSIEL DE LA CRUZ is the prevailing party in the underlying administrative proceedings for IHO Case No. 250961.

136. The DOE did not appeal the FOFD in IHO Case No. 250961, dated March 5, 2024.

137. At all times set forth herein, Plaintiff MASSIEL DE LA CRUZ was represented by the Brain Injury Rights Group, Ltd., by and through the attorneys, associates, and other legal staff employed thereby, in the administrative

proceedings brought against the Defendants under the IDEA, and New York State's Education Laws, relative to the DPC filed for the 2023–2024 school year.

138. MASSIEL DE LA CRUZ is entitled to reasonable attorneys' fees as the prevailing party in IHO Case No. 250961.

139. The Parent-Plaintiff's law firm, the attorneys, and/or other legal staff employed thereat spent many hours representing Plaintiff MASSIEL DE LA CRUZ in the underlying IDEA proceedings relative to IHO Case No. 250961.

140. MASSIEL DE LA CRUZ hereby requests and/or otherwise preserves her right to request an award of reasonable attorneys' fees as the prevailing party in IHO Case No. 250961 in an amount to be provided at a date after the Complaint is filed herein.

## PATRICK DONOHUE, AS PARENT AND NATURAL GUARDIAN OF S.J.D. 2023–2024 SCHOOL YEAR—IHO NO. 251257

141. On July 5, 2023, Plaintiff PATRICK DONOHUE brought a DPC against DOE, alleging, among other things, that DOE did not provide S.J.D. a FAPE for the 2023–2024 school year, that iBRAIN was an appropriate unilateral placement for S.J.D., and that equities favored their request for tuition reimbursement. 20 U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).

142. The DPC was assigned IHO Case No. 251257.

143. On July 13, 2023, DOE appointed Michael Das to serve as the IHO.

144. On November 17, 2023, IHO Das issued a FOFD.

145. In the FOFD, IHO Das found and ordered:

    a. ORDERED, that the DOE shall pay to Private School the remainder of any tuition funds, totaling $306,544.00 dollar within 60 days of submission of a signed, notarized bill encompassing tuition costs owed by Parent to Private School for Student's attendance at Private School for the 2023–2024 school year; and it is further,

    b. ORDERED, that the DOE shall fund door-to-door special education transportation services to and from Private School of the parents choosing for the 2023–2024 school year, totaling $111,180.00; and it is further,

    c. ORDERED, that the DOE shall fund 1:1 nursing services of parents choosing, totaling $265,960.00 for the 2023–2024 school year.

146. A copy of the FOFD for S.J.D. in IHO Case No. 251257 dated November 17, 2023, is attached hereto as **EXHIBIT 7**.

147. The IHO issued the FOFD **135 days** after PATRICK DONOHUE filed his DPC against DOE for the 2023–2024 school year.

148. DOE had 40 days from November 17, 2023, to appeal to the Office of State Review by filing a verified RFR of the FOFD.

149. DOE did not file a verified RFR; DOE did not appeal to the Office of State Review.

150. The November 17, 2023, FOFD is the final Order relative to S.J.D.'s 2023–2024 due process proceedings.

151. Plaintiff PATRICK DONOHUE is the prevailing party in the underlying administrative proceedings relative to IHO Case No. 251257 for the 2023–2024 school year.

152. DOE has not complied with the FOFD in IHO Case No. 251257.

153. DOE has not fully implemented the FOFD in IHO Case No. 251257.

154. DOE has not funded the total cost of S.J.D.'s special transportation services relative to S.J.D.'s unilateral placement at iBRAIN for the 2023–2024 school year.

155. In any action or proceeding brought under the IDEA, a court of competent jurisdiction may award reasonable attorneys' fees as part of the costs to a "prevailing party" who is the Parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i).

156. A Parent may be eligible for attorneys' fees if deemed a "prevailing party" in an IDEA action.

157. A Parent is considered a "prevailing party" if the Parent attains success on any significant issue in the litigation or proceeding that achieves some of the benefit sought, and the manner of the resolution of the dispute constitutes a change in the parties' legal relationship.

158. In IDEA administrative proceedings, relief ordered by an IHO alters the legal relationship between the parties.

159. On November 17, 2023, the IHO issued an FOFD in IHO Case No. 251257 in favor of Plaintiff PATRICK DONOHUE.

160. The FOFD altered the legal relationship between DOE and Plaintiff PATRICK DONOHUE.

161. Plaintiff PATRICK DONOHUE is the prevailing party in the underlying administrative proceedings for IHO Case No. 251257.

162. The DOE did not appeal the FOFD in IHO Case No. 251257, dated November 17, 2023.

163. At all times set forth herein, Plaintiff PATRICK DONOHUE was represented by the Brain Injury Rights Group, Ltd., by and through the attorneys, associates, and other legal staff employed thereby, in the administrative proceedings brought against the Defendants under the IDEA, and New York State's Education Laws, relative to the DPCs filed for the 2023–2024 school year.

164. PATRICK DONOHUE is entitled to reasonable attorneys' fees as the prevailing party in IHO Case No. 251257.

165. The Parent-Plaintiff's law firm, the attorneys, and/or other legal staff employed thereat spent many hours representing Plaintiff PATRICK DONOHUE in the underlying IDEA proceedings relative to IHO Case No. 251257.

166. PATRICK DONOHUE hereby requests and/or otherwise preserves his right to request an award of reasonable attorneys' fees as prevailing parties in IHO Case No. 251257 in an amount to be provided at a date after the filing of the Complaint herein.

## AS AND FOR A FIRST CAUSE OF ACTION

167. Plaintiffs reiterate, repeat, and reaffirm each allegation set forth above as if more fully set forth herein.

168. Each Plaintiff, and each Plaintiff's disabled Student, has been harmed by DOE's failure to implement the final Administrative Orders that have been issued in

their favor as set forth above and herein, and will continue to suffer such harm until DOE implements the final Administrative Orders in accordance with the terms thereof.

169. DOE's failure and/or refusal to implement and/or comply with each Plaintiff's final Administrative Order in each Plaintiff's particular case, requiring the DOE to fully fund each Plaintiff's placement at iBRAIN as set forth therein, has denied and continues to deny, each Plaintiff herein their rights as set forth under the IDEA, 20 U.S.C. § 1401 *et seq.*, the federal regulations promulgated thereunder, 34 C.F.R. Part 300, Article 89 of the New York State Education Law, and the Regulations of the Commissioner of Education, Part 200.

## AS AND FOR A SECOND CAUSE OF ACTION

170. Plaintiffs reiterate, repeat, and reaffirm each allegation set forth above as if more fully set forth herein.

171. In any action or proceeding brought under the IDEA, a court may award reasonable attorneys' fees as part of the costs to a "prevailing party" who is the Parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i).

172. Plaintiffs here are prevailing parties in their respective underlying administrative actions brought under the IDEA.

173. Each Plaintiff here is the Parent of a child with a disability who prevailed in their respective action/proceeding brought against DOE under the IDEA.

174. Each Plaintiff here was at all times referenced herein represented by the Brain Injury Rights Group, Ltd., a non-profit law firm experienced in, *among other things*, representing children with disabilities and their families in administrative and judicial proceedings brought under the IDEA.

175. Each Plaintiff, as the prevailing party in their respective Administrative Proceedings brought under the IDEA, most respectfully seeks an award of reasonable attorneys' fees under 20 U.S.C. § 1415(i)(3)(B)(I).

## AS AND FOR A THIRD CAUSE OF ACTION

176. Plaintiffs reiterate, repeat, and reaffirm each allegation set forth above as if more fully set forth herein.

177. Plaintiffs' Third Cause of Action is brought under 42 U.S.C. § 1983 as the Defendants here, acting under color of law, deprived each Plaintiff and each Plaintiff's disabled Student, of their Constitutional and/or otherwise substantial rights, created by, and/or otherwise recognized in, the IDEA and other state and federal laws, statutes, regulations, and the like and/or otherwise violated said rights as set forth herein.

178. Defendants, acting under color of law, violated the rights of each Plaintiff, and each Plaintiff's disabled Student, under Section 1983, in that the Defendants:

(a) Adopted inappropriate policies and procedures relating to the implementation of final Administrative Orders issued in proceedings brought under the IDEA and applicable state law;

(b) Failed to abide by existing policies and procedures relating to the implementation of final Administrative Orders issued in proceedings brought under the IDEA and applicable state law;

(c) Engaged in a widespread practice that constituted custom or usage relating to the implementation of final Administrative Orders issued in proceedings brought under the IDEA and applicable state law;

(d) Failed to supervise and/or train their employees to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with such employees relating to the implementation of final Administrative Orders issued in proceedings brought under the IDEA and applicable state law; and

(e) Failed to adopt and implement appropriate policies and procedures and/or to adhere to existing policies relating to the implementation of final Administrative Orders issued in proceedings brought under the IDEA and applicable state law.

179. Defendants' failure and/or refusal to implement and/or comply with the final Administrative Orders issued in proceedings brought under the IDEA as set forth more fully herein, deprived, and continues to deprive each Plaintiff and each Plaintiff's disabled Student of their rights under the IDEA, and the regulations promulgated thereunder, as well as N.Y. Educ. Law § 4404 and 4410 (McKinney), in violation of 42 U.S.C. § 1983.

180. As a direct and proximate result of Defendants' wrongful conduct, each Plaintiff and each Plaintiff's disabled Student has experienced a loss of federally guaranteed rights.

181. IHO orders under the IDEA are enforceable through 42 U.S.C. § 1983.

182. SRO Decisions under the IDEA are enforceable through 42 U.S.C. § 1983.

## **RELIEF REQUESTED**

WHEREFORE, the Plaintiffs request that this Court:

1. Issue an Injunction:

   a. Ordering Defendants, DOE, to fully implement and comply with each final Administrative Order and Decision issued in favor of each

respective Plaintiff and said Plaintiff's disabled Student, as set forth more fully herein.

2. Enter Judgment against Defendants and in favor of Plaintiffs:

    a. Finding that Defendants' failed to implement and comply with each final Administrative Order and/or Decision issued in favor of each respective Plaintiff and Plaintiff's disabled Student, as set forth more fully herein, and by doing so, deprived each Plaintiff and Plaintiff's disabled Student of their rights under the IDEA, the regulations promulgated thereunder, as well as New York State Education Law;

    b. Finding that Defendants' failure to implement and/or comply with each final Administrative Order and/or Decision issued in favor of each respective Plaintiff and said Plaintiff's disabled Student as set forth more fully herein while acting under color of law, deprived each Plaintiff and each Plaintiff's disabled Student of their rights secured by federal and state law in violation of 42 U.S.C. § 1983;

    c. Awarding each Plaintiff reasonable attorneys' fees as part of their costs, as each Plaintiff was the "prevailing party" in the underlying Administrative Action brought under the IDEA. Each Plaintiff herein is the Parent of a child with a disability, who prevailed in their respective administrative proceedings brought under the IDEA, and who had final Administrative Orders issued in their favor, requiring Defendants, DOE, to fully fund each Plaintiff's disabled Student's tuition and related services at iBRAIN. 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i);

    d. Declaring that the Defendants violated the Plaintiffs' rights as set forth above;

    e. Ordering such other, further, and different relief as may be appropriate under the IDEA;

    f. Awarding Plaintiffs' statutory costs and reasonable attorneys' fees in instant federal action; and

    g. Granting such other, further, and different relief as this Court deems just, proper, and equitable.


Dated:   April 23, 2024
       New York, New York

Respectfully submitted,


By:  **_/S/_ Ataur Raquib**
    Ataur Raquib, Esq. (5860523)
    Brain Injury Rights Group, Ltd.
    *Attorneys for Plaintiffs*
    300 East 95th Street, Suite 130
    New York, New York 10128
    (646) 850-5035
    ataur@pabilaw.org