EXHIBIT 3

# FINDINGS OF FACT AND DECISION

| | |
|---|---|
| Case No. | 243409 |
| Student's Name: | A██ Z██ |
| Date of Birth: | ██████ |
| District: | 22 |
| Hearing Requested by: | Parent |
| Private School: | ibrain |
| Hearing Dates | March 30, 2023<br>April 17, 2023<br>April 25, 2023<br>December 21, 2023 |
| Record Close Date: | February 4, 2024 |
| Hearing Officer: | Allana Alexander, Esq. |

| | |
|---|---:|
| Findings of Fact and Decision | 2 |
| Case No.  243409 | |

**NAMES AND TITLES OF PERSONS WHO APPEARED**

For the Student:

SYLVIA ARJE, PARENT
ZACK ZYLSTRA, LAW CLERK
JOHN HENRY, ATTORNEY
TIFFANY SEMM, Director of Special Education, iBRAIN
RACHEL COHEN, CARE for Special Children, Advisor
SARA HOROWITZ, CARE, for Special Children, Director
EILEEN DOUGHERTY, Speech-Language Pathologist, Assistive Technology Provider, IBrain
JOANNA LABOUE, LAW CLERK
PETER G. ALBERT, ESQ., Attorney
RUTIKA NAIK, Deputy Director of Related Services, iBRAIN

For the Department of Education:

SIOBHAN O'BRIEN, Attorney
COURTNEY JOHNSON, CPSE Administrator
ANTOINETTE BROWN, Assistant Principal, Joan Snow Prep School
BRIAN GAUTHIER, ESQ., Attorney

## INTRODUCTION

This matter comes before the undersigned Impartial Hearing Officer ("IHO") through the Parent's Due Process Complaint ("DPC") filed on or about December 6, 2022, regarding the 2022/23 school year. (Ex. A). The DPC alleged that the District denied the Student a Free Appropriate Public Education ("FAPE") as required by the Individuals with Disabilities Education Act ("IDEA") by failing to recommend an appropriate program and placement. (Id.). The Parent has requested tuition reimbursement for their unilateral placement at the Private School.

## CASE HISTORY

I was appointed as impartial hearing officer ("IHO") on January 20, 2022. A Pre-hearing conference was held on January 31, 2023, at which time the Parties expressed the desire to move forward to a hearing on the merits. A Finding of Fact and Decision ("FOFD") was issued on June 19, 2023, finding that the District provided the Student FAPE during the 2022/23 school year and granting the Parent's request for District funded independent evaluations.

## APPEAL TO STATE REVIEW OFFICE

The Parent appealed the FOFD to the New York State Education Department's State Review Office and the District cross appealed. The Parties applications are captured in SRO decision No. 23-157. (Ex. IHO V). The State Review Office reversed the FOFD determination that the District provided FAPE and remanded the case for further proceedings to determine whether the Private School was an appropriate unilateral placement for the 2022/23 school year, and whether equitable considerations allow for tuition reimbursement. The District's cross appeal was granted thus, reversing the FOFD determination on the independent evaluations.

## BACKGROUND AND POSITIONS OF THE PARTIES

At the time of the filing of the DPC the Student was a 3-year-old child classified by the District as a student with a Learning Disability. (Ex 1). The Student is diagnosed with global development delays and a genetic disorder that effects his brain and central nervous system. The

Student is non-verbal and non-ambulatory. (Ex. G1-G2). The Student's classification and eligibility for special education supports and services are not in dispute. (Ex. 1).

The Parent asserts that the Private School placement is appropriate and that equitable factors support the tuition reimbursement claim.  The District asserts that the Parent failed to offer credible evidence to meet its burden to demonstrate that the Private School placement is appropriate, and that the School's failure to respond to subpoena demands should result in a denial of tuition reimbursement. (Ex. IHO III). The District further asserts that the Parent provided vague 10-day notice and that the Student's tuition and transportation costs are excessive and should be reduced if not denied.  (id.)

To support her claim for tuition reimbursement the Parent submitted documentary evidence that included ten-day notice, an IEP developed by the Private School, an enrollment contract, transportation agreement and progress reports. The Parent's evidence also included her testimony in addition to testimony from the Director of the Private School, the Director of related services and the School's assistive Technology Director. (A complete list of evidence is attached to this Order).

The Parties submitted closing briefs in this matter in lieu of closing arguments at the IHO's request.  (Exs. IHO III, IIII).

**FINDINGS OF FACT AND DECISION**

<u>FAPE</u>

The IDEA provides that children with disabilities are entitled to a Free Appropriate Public Education ("FAPE") (20 U.S.C. § 1400 [d][1][A]. A FAPE consists of specialized education and related services designed to meet a student's unique needs, provided in conformity with a comprehensive written Individualized Education Program ("IEP") (34 C.F.R. § 300.13). A school district has offered a student a FAPE when (a) the board of education complies with the procedural requirements set forth in the IDEA; and (b) the IEP is developed through the IDEA's procedures and is reasonably calculated to enable the student to receive educational benefits <u>Bd. of Educ. of the Hendrick Hudson Cent. Sch. Dist. v. Rowley</u>, 458 U.S. 176, 206-07 (1982). In order to meet its substantive FAPE obligations, a district must offer a student an IEP that is

"reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances" *Endrew F. v. Douglas County Sch. Dist. RE-1*, No 15-827, 2017 WL 1066206, 137 S.Ct. 988, 69 IDELR 174 (U.S. Mar 22, 2017).

After appellate review, the Office of State Review determined that that the District failed to provide the Student with FAPE during the 2022/23 school year.  Specifically, it found that the District's failure to offer the Student a 1:1 paraprofessional and special transportation services was a denial of FAPE.

Accordingly, the District did not meet its burden of proof in this proceeding The Parent, on the other hand, met the first of the three *Burlington/Carter* criteria for tuition reimbursement.

UNILATERAL PLACEMENT

A board of education may be required to pay for educational services obtained for a child by the child's parent, if the services offered by the board of education were inadequate or inappropriate, the services selected by the parent were appropriate, and equitable considerations support the parent's claim. (*School Committee of the Town of Burlington v. Department of Education, Massachusetts*, 471 U.S. 359 [1985]; *Florence County School District Four et al. v. Carter by Carter,* 510 U.S. 7 [1993]; see also *Frank G. and Dianne G. v. Bd. of Educ. of Hyde Park,* 459 F.3d 356 [2d Cir. 2006], cert denied, *Board of Educ. of Hyde Park Cent. School Dist. v. Frank G.,* 2007 WL 2982269 [Oct. 15, 2007].

As a result of the District's failure to provide FAPE, the Parent has the burden of proving that the unilateral placement was appropriate. To meet this burden, the Parent must establish, by a preponderance of the evidence, that the unilateral placement provides "educational instruction specifically designed to meet the unique needs of the student" (*Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 112 [2d. Cir. 2007]. However, the private school placement "need not meet the IDEA definition of a free and appropriate public education" or "state education standards or requirements" (*Frank G. v. Bd. of Educ.*, 459 F.3d 356, 364 [2d. Cr. 2006]).  The private placement need not provide certified special education teachers or an IEP. Parental placements are not subject to the same mainstreaming requirements as a school district placement.  The private school placement must be reasonably calculated to enable the child to receive educational

Findings of Fact and Decision 6
Case No. 243409

benefits, and must be likely to produce progress, not regression.

The standard to apply is whether "[the] unilateral private placement ... provides educational instruction specifically designed to meet the unique needs of a handicapped child." *Gagliardo*, 489 F.3d at 115):

> No one factor is necessarily dispositive in determining whether parents' unilateral placement is reasonably calculated to enable the child to receive educational benefits. Grades, test scores, and regular advancement may constitute evidence that a child is receiving educational benefit, but courts assessing the propriety of a unilateral placement consider the totality of the circumstances in determining whether that placement reasonably serves a child's individual needs. To qualify for reimbursement under the IDEA, parents need not show that a private placement furnishes every special service necessary to maximize their child's potential. They need only demonstrate that the placement provides educational instruction specially designed to meet the unique needs of a handicapped child, supported by such services as are necessary to permit the child to benefit from instruction. *Gagliardo*. 489 F.3d at 112 (quoting *Frank G,* 459 F.3d at 364-65).

The Parent submitted testimonial and documentary evidence in support of its position that the Private School is an appropriate placement and has been providing the Student with educational instruction that is specifically designed to meet the Student's unique special education needs, supported by such services that are necessary to permit him to benefit from instruction. (Exs. G-J, N-Q)

The Private School's IEP is a comprehensive document that took into consideration, the Student's needs, abilities and designed an educational program with goals to address those needs. (Ex. G).  The IEP notes that the Student requires verbal, visual, and physical support to help him maintain attention and follow 1-2-step directions. (Ex. G1-G2).  Guidance is also needed to assist

Findings of Fact and Decision 7
Case No. 243409

the Student's tactual exploration and provide him with opportunities to move in and out of his activity chair to explore his class environment safely. (Id.). To address the Student's significant needs the School offered the Student a small classroom setting of 6:1:1 and a 1:1 paraprofessional. (Ex. G, Tr. 130-131).

To address the Student's communication deficits the Private School provided the Student with Assistive Technology and 1x 60-minute sessions per week to help increase his receptive and expressive language skills. (Ex. I). The School also recommended Occupational Therapy (OT) (5X60), Physical Therapy (PT) (5X60), Speech, Language Therapy (SL) (5X60) and music therapy (MT 3x60). (Exs. G, N). Related services were provided using a push-in pull out model which is critical for students with brain injuries because they have severe deficit in their ability to generalize skills. (Ex. H8). The 60-minute duration considered the Student's transferring and re-positioning needs, additional transition time, rest, and repetition needs. (Ex. H, Tr. 131-135).

Unilateral Placement Failure to Respond to Subpoena

The District argues that the Parent failed to offer credible evidence that the school in fact provided these services to the Student. The District asserts that the Student's attendance records should be given no weight, and as such it is unclear whether the Student received any of the related services.

Specifically, the District references a subpoena that was issued to the Private School that amongst other things directed the School to submit attendance records to the District. When the School responded to the subpoena it stated, "Attendance records: Any and all responsive documents that comply with this demand are in the possession of Ibrain are attached hereto." (EX IHO III, Tr. 251-286).) There was however no attachment that included attendance records. (Id).

On December 15, 2023, a little over an hour before the scheduled hearing, Parent's counsel sent an email to the District that included an excel spreadsheet document and stated: "This document was inadvertently omitted from the iBrain subpoena response" (referring to the attendance record). (Ex. 4, IHO III, Tr. 251-286). Shortly thereafter the Parent informed the District that they were withdrawing the document. At the scheduled hearing on the same date,

Findings of Fact and Decision 8
Case No. 243409

December 15, 2023, this IHO requested an explanation from Parent's counsel to explain the surfacing and then withdrawal of the attendance document given the exclusion of the document in the School's original subpoena response, followed by Counsel's representation that it was "inadvertently omitted" in an email to the District. Parent's counsel refused to answer the question. Accordingly, a subpoena was issued to the School requiring the testimony of the General Counsel to testify regarding the existence of attendance records at the school. (Ex. IHO III, Tr 251-286). The General Counsel failed to appear at the hearing or respond to the subpoena. Despite the Parent withdrawing the attendance sheet, the District was allowed to offer the item as evidence for the purpose of cross examination. (Ex. 4, IHO Ex. III).

On the subsequent hearing date, December 21, 2023, the Parent offered the testimony of the Director of Related Services at the Private School who offered an attendance record for the Student, which was different from the attendance record the Parent withdrew on December 15, 2023. (Ex. N). In the absence of an explanation regarding the original subpoena response, followed by the submission of an attendance record in an excel format, followed by counsel's withdrawal of the record, then followed by the General Counsel's failure to appear at the proceeding despite a subpoena requiring their appearance to provide an explanation for the attendance records, there are authenticity issues with the attendance record offered by the Director of Related Services. (Ex. N). Accordingly, I agree with the District, neither attendance document will be given any weight. (Exs. 4, N)

The Director of related services, however, did not rely on the attendance records in her testimony. The testimony of the related services Director was based upon her review of the entries made by the service providers which indicated the dates that the Student was serviced. (Ex. N). Moreover, I find that she gave credible testimony during her two hour long testimony given her acknowledgement that the student missed dozens of sessions in OT and PT as a result of provider and Student absences.

Her affidavit testimony noted the following as it related to services that the Student received-

OT – 172 recommended, 110 provided.
PT – 172 recommended, 125 provided

SLT – 172 recommended, 111 provided,

AT – 34 recommended, 26 provided,

MT – 103 recommended, 84 provided.

(Ex. N). She further clarified any misunderstandings on cross examination as to how the number of provided sessions were derived (Tr. 350-358).

Accordingly, while there were certainly issues with General Counsel's response to the subpoena as it related to attendance records, I find that the witnesses that the Parent offered testified truthfully. The testimony and evidence establish that the Student attended most of his related services and despite missing several sessions the student made progress, notably in literacy, math, Occupational therapy, and Speech Language Therapy. (Exs. O, Q).

Transportation

The IDEA specifically includes transportation, as well as any modifications or accommodations necessary to assist a student to benefit from his or her special education, in its definition of related services (20 U.S.C. § 1401[26]; see 34 CFR 300.34[a], [c][16]). In addition, State law defines special education as "specially designed instruction . . . and transportation, provided at no cost to the parents to meet the unique needs of a child with a disability," and requires school districts to provide disabled students with "suitable transportation to and from special classes or programs" (Educ. Law §§ 4401[1]; 4402[4][a]; see Educ. Law § 4401[2]; 8 NYCRR 200.1[ww]). Specialized forms of transportation must be provided to a student with a disability if necessary for the student to benefit from special education, a determination which must be made on a case-by-case basis by the CSE (Irving Indep. Sch. Dist. v. Tatro, 468 U.S. 883, 891, 894 [1984]; Dist. of Columbia v. Ramirez, 377 F. Supp. 2d 63 [D.D.C. 2005]; see Transportation, 71 Fed. Reg. 46576 [Aug. 14, 2006].

It is undisputed that the Student requires special transportation (Ex. 1). The Private School's IEP recommended special transportation to ensure the Student could attend school and do so safely. (Ex. G).

The Parent has demonstrated that at the time of the Student's placement, the Private School was appropriate, it developed an IEP that was tailored to meet the Student's significant

Findings of Fact and Decision  10
Case No. 243409

educational, physical, and transportation needs. It provided a small classroom setting, a 1:1 paraprofessional and had related service providers who worked with the Student in the recommended therapies.

Accordingly, the Private School was an appropriate placement for the Student for the 2022/23 school year. The Parent has therefore met the second of the three *Burlington/Carter* criteria for tuition reimbursement.

## EQUITIES

The IDEA provides that reimbursement may be reduced or denied when parents fail to raise the appropriateness of an IEP in a timely manner, fail to make their child available for evaluation by the district, or upon a finding of unreasonableness with respect to the actions taken by the parents (20 U.S.C. § 1412[a][10][C][iii]; 34 CFR 300.148[d]; Equitable considerations are relevant to fashioning relief under the IDEA (Burlington, 471 U.S. at 374; R.E., 694 F.3d at 185, 194; M.C. v. Voluntown Bd. of Educ., 226 F.3d 60, 68 [2d Cir. 2000]; see Carter, 510 U.S. at 16 ["Courts fashioning discretionary equitable relief under IDEA must consider all relevant factors, including the appropriate and reasonable level of reimbursement that should be required. See also C.L., 744 F.3d at 840 [noting that "[i]mportant to the equitable consideration is whether the parents obstructed or were uncooperative in the school district's efforts to meet its obligations under the IDEA"]).

Equitable considerations support the Parent. She attended the March 22, 2022, IEP meeting and cooperated with the CSE. (Exs. 1, J). The Parent submitted timely 10-day notice in advance of the Student's 2022/23 school year. (Exs. C, D). The District attacks the notice as vague however, it not only put the District on notice of the Parent's intention to unilaterally place the Student but provided several reasons why it disagreed with the IEP. In a letter dated September 16, 2023, several days after the Student's first day of school, the District acknowledged receipt of the letter, although it expressed no interest in addressing the Parent's concerns and instead advised the Parent to file a due process complaint. The District failed to address the Parent's legitimate concerns and denied the Student FAPE. (Ex. E). Accordingly, the Parent acted reasonably when she unilaterally placed the Student.

Findings of Fact and Decision                                                                                                        11
Case No.  243409

___

The District asks that the Parent's request for tuition funding be denied in its entirety because of the actions of the Private School with respect to their failure to comply with lawfully issued subpoenas.  The Private School is a third-party entity, and the Parent should not be held responsible for the actions of the School, in the absence of evidence demonstrating bad faith or actions on the part of the Parent that interfered with subpoena compliance.

The District requests that the Parent's transportation company be compensated only for days that the service was used. (Ex. IHO III). The transportation contract, however, demonstrates a full commitment to the Student for the entire school year accordingly, the contract is based upon a year's worth of services as opposed to a cost per use basis. Given the nature of the service and the need for consistent and reliable transportation throughout the school year, I do not find the contractual terms unreasonable.  Moreover, the District did not offer any evidence at the hearing of an alternative cost for similar services that would demonstrate the Student's transportation cost are excessive. Thus, there is no basis for a reduction in transportation costs.

The District further requests a reduction in the cost of tuition which it argues is excessive and unreasonable.  (Ex IHO III). The District has again failed to offer evidence, at the hearing of an alternative, that would allow for comparison of costs at similar institutions that work with Student's with similar services and needs.  Accordingly, I find no basis in the record to reduce the Parent's tuition funding request.

 Equitable factors support the Parent's claim for tuition reimbursement for the 2022/23 school year.  Having met all three of the _Burlington/Carter_ criteria, the Parent is entitled to the cost of the Student's 2022/23 unilateral placement.

Direct Funding

The Parent has demonstrated that the School is an appropriate placement for the Student. The Parent has testified that she lacks the financial means to pay for the school (Ex. J). A student should not be harmed due a Parent's limited financial means when attempting to correct the District's failure to provide FAPE.  D.A. v N.Y.C Dept. of Educ. 769 F Supp.2d 403, 427. (S.D.N.Y. 2011); Cohen v. N.Y.C. Dept of Educ. 1:21-cv-06260-MKV (S.D.N.Y) Sep. 26, 2023. To adopt the philosophy that a Parent must pay the tuition first or commit themselves to an enrollment contract without having the financial means to fulfill the financial

Findings of Fact and Decision 12
Case No. 243409

obligation puts an unfair burden on a Parent. Such a philosophy could subject a child to an inappropriate education because the Parent lacks the financial means to rectify a FAPE denial. Direct tuition funding for the 2022/23 school year is appropriate. (Exs. F, H).

## DECISION

The Student was denied a free and appropriate public education during the 2022/23 school year. The Private School was an appropriate placement for the Student for the 2022/23 school year and the equities support the Parent.

## **ORDER**

**IT IS HEREBY ORDERED** that the District directly fund the Student's full tuition (base and supplemental) at the Private School for the 2022/23 school year.

**FURTHER ORDERED** that the District directly fund the Student's special transportation provider at the contracted rate for the 2022/23 school year.

**SO ORDERED**

Dated: February 19, 2024

*Allana Alexander*
Allana Alexander, Impartial Hearing Office

## *NOTICE OF RIGHT TO APPEAL*

*Within 40 days of the date of this decision, the parent and/or the Public School District has a right to appeal the decision to a State Review Officer (SRO) of the New York State Education Department under Section 4404 of the Education Law and the Individuals with Disabilities Education Act.*

*If either party plans to appeal the decision, a notice of intention to seek review shall be personally served upon the opposing party no later than 25 days after the date of the decision sought to be reviewed.*

*An appealing party's request for review shall be personally served upon the opposing party within 40 days from the date of the decision sought to be reviewed. An appealing party shall file the notice of intention to seek review, notice of request for review, request for review, and proof of service with the Office of State Review of the State Education Department within two days after service of the request for review is complete. The rules of procedure for appeals before an SRO are found in Part 279 of the Regulations of the Commissioner of Education. A copy of the rules in Part 279 and model forms are available at http://www.sro.nysed.gov.*

Findings of Fact and Decision 14
Case No. 243409

## DOCUMENTS ENTERED INTO THE RECORD

### Parent's Exhibits

| Exhibit | Date | Description | Pages |
|---|---|---|---|
| A | 12/6/22 | Due Process Complaint | 6 |
| B | 3/22/22 | NYC DOE IEP | 20 |
| C | 8/10/22 | Enrollment Contract | 7 |
| D | 8/25/22 | Ten Day Notice | 2 |
| E | 9/16/22 | Determination Letter | 1 |
| F | 9/21//22 | Transportation Agreement | 5 |
| G | 2/28/223 | Private School | 41 |
| H | 4/23 | Affidavit of Director at Private School | 4 |
| I | 4/23 | Affidavit of Assistive Tech Provider | 2 |
| J | 4/23 | Affidavit of Parent | 2 |
| K | 2022 | Advocacy Group's Note | 4 |
| L | 4/19/23 | Affidavit of Parent's Advocate | 1 |
| M | 4/19/23 | Affidavit of Parent's Advocate | 2 |
| N | undated | Affidavit of Director of Related Services & Attendance Sheet | 5 |
| O | 1/6/23 | Quarterly Progress Report | 20 |
| P | 4/21/23 | Quarterly Progress Report | 21 |
| Q | 7/7/23 | Quarterly Progress Report | 18 |

### District's Exhibits

| | Date | Description | Pages |
|---|---|---|---|
| 1 | 3/22/22 | CPSE IEP | 14 |
| 2 | 3/22/22 | Notice of Recommendation | 1 |
| 3 | 06/24/22 | A1P – Initial Authorization to Attend | 1 |
| 4 | 12/21/23 | Excel Attendance | 5 |

### Iho Exhibits

| | Date | Description | Pages |
|---|---|---|---|
| I | 05/22/23 | District's closing Brief | 16 |
| II | 05/30/23 | Parent's Closing Brief | 20 |
| III | 01/23/24 | District's Closing Brief | 28 |
| IV | 01/23 | Parent's Closing Brief | 33 |
| V | 09/20/23 | SRO 23-157 | 24 |

**L.V. v. NYC Department of Education, 03 Civ. 9917 (SDNY)**

Parents of children with Individualized Education Programs who received or who may receive an order at the conclusion of an impartial hearing should read the attached notice about possible disclosure of information and documents about their children as part of a federal court litigation.

Translations in Spanish, Arabic, Bengali, Chinese, French, Haitian Creole, Korean, Russian, and Urdu are available on the DOE webpage at https://www.schools.nyc.gov/learning/special-education/help/impartial-hearings

**Notice of Potential Disclosure of Student Education Records**

**Please read this notice carefully**. This is a message about possible disclosure of documents or data that might contain information about your child, if your child has been classified as a student with a disability and has been or may be the subject of a final Impartial Hearing Order.

**I.     Nature of the Lawsuit**

This lawsuit challenged the failure of the Department of Education ("DOE") of the City of New York to timely implement orders issued by impartial hearing officers in connection with impartial hearings held pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.* and N.Y. Education Law § 4401, *et seq.* In 2007, the parties entered into a Stipulation of Settlement (the "Stipulation") in which the DOE agreed to timely implement these orders.

In January 2021, the Court granted plaintiffs' motion for the appointment of a special master. On April 14, 2021, the Court entered an Order appointing David Irwin of Thru-Ed as the Special Master.  On May 14, 2021, the Court entered an Order detailing the duties and authority of the Special Master which include, among other things, the authority to review DOE's processes for implementing impartial hearing orders and to recommend to the Court improvements to enable DOE to timely implement orders a. Pursuant to this Order, the Special Master may have access to education records of students, upon DOE's compliance with the Family Education Rights and Privacy Act (20 U.S.C. § 1232g; 34 C.F.R. Part 99) ("FERPA").

**II.     Data Ordered to Be Disclosed**

In order for the Special Master to perform his duties, the Court has directed the DOE to provide the Special Master (and employees and consultants at Thru-Ed) with access to records containing confidential student record information, including, but not limited to, documents submitted in the impartial hearing process, impartial hearing orders, data about compliance, and students' special education documents, such as individualized education programs, evaluations, authorizations, invoices, etc. The Special Master is required to keep any student documents and information confidential. No student-specific information will be shared with plaintiffs' counsel unless the student's parent specifically consents. If there is any student-specific information in the Special Master's reports to the Court, that information would not be made public.

The Special Master will use this information only for his work to review DOE's processes for implementing impartial hearing orders and to recommend to the Court improvements to enable DOE to timely implement orders.  The disclosure of this information <u>does not</u> affect any of your rights as a parent to seek special education services for your child.

**IV.     Objections to Disclosure**

If you agree to the disclosure of this information to the Special Master, you do not need to do anything more.

If you do not want your child's information shared with the Special Master, you must object to this disclosure by submitting an objection to DOE's attorney, addressed to:

> Jeffrey S. Dantowitz
> NYC Law Department
> 100 Church Street, Room 2-121
> New York  NY  10007

or via email at LVObjection@law.nyc.gov.  Please reference the *LV v. DOE* lawsuit (Case No. 03-9917) when writing.  An Objection Form accompanies this Notice, though no written objection will be rejected if it is not submitted on this form.  If you object, no records containing you and your child's personally identifiable information or other FERPA-protected information will be provided to the Special Master, although nominal and incidental disclosure of your child's name may occur. **Any objections must be received by December 3, 2021 or for impartial hearing orders issued after November 12, 2021, within 3 weeks of the issuance of the impartial hearing order**.

**If you would like more information about this notice, please contact the attorneys for plaintiffs**, **Rebecca Shore, of Advocates for Children of New York, Inc. at 646-532-6078.**

**OBJECTION TO DISCLOSURE OF RECORDS**
**LV v. DOE, 03 Civ. 9917 (SDNY)**

If you agree to the release of information about your child to the Special Master appointed in *L.V. v. DOE*, you do not need to complete this form.

If you object to the release of information about your child to the Special Master appointed in *L.V. v. DOE*, please compete and return this form to:

>Jeffrey S. Dantowitz
>NYC Law Department
>100 Church Street, Room 2-121
>New York, NY  10007

or via email at LVObjection@law.nyc.gov

Child's name: _____

Name: _____

Address: _____

Impartial Hearing Order Case # (if known): _____

Date of Order (if known): _____

>If you object to the release of your confidential information, please check the line below:
>
>_____    I do not agree to have my confidential records disclosed to the Special Master in *L.V. v. DOE*.

_____                            _____
Date                                                                        Please sign here

If you object to the release of information, your objection must be received by December 3, 2021 or, for impartial hearing orders issued after November 12, 2021, within 3 weeks of the issuance of the impartial hearing order.

  * * * If you do not notify the DOE of your objections to the documents being released, you child's information will be provided to the Special Master appointed in *LV v. DOE*, 99 Civ. 9917 (SDNY) and/or consultants and employees of Thru-Ed.  The information will remain confidential and the disclosure of this information will not affect any of your rights to seek special education services for your child.

| |
|---|
| للاطلاع على هذا المستند باللغة العربية، قُم بزيارة الموقع الإلكتروني https://www.schools.nyc.gov/learning/special-education/help/impartial-hearings |
| YgÄsẤQ Ät ÀẢ ẵ ná^l á, https://www.schools.nyc.gov/learning/special-education/help/impartial-hearings ná^ế |
| 若要以中文查看，請上網到 https://www.schools.nyc.gov/learning/special-education/help/impartial-hearings |
| Pour consulter ce texte en français, allez sur https://www.schools.nyc.gov/learning/special-education/help/impartial-hearings |
| Pou wè tèks sa a an kreyòl ayisyen, ale sou https://www.schools.nyc.gov/learning/special-education/help/impartial-hearings |
| 본 문서를 한국어로 보시려면 다음 웹사이트를 이용하십시오: https://www.schools.nyc.gov/learning/special-education/help/impartial-hearings |
| Для просмотра документа на русском языке посетите https://www.schools.nyc.gov/learning/special-education/help/impartial-hearings |
| Para ver este contenido en español, visite https://www.schools.nyc.gov/learning/special-education/help/impartial-hearings |
| اس کو اردو میں دیکھنے کے لیے https://www.schools.nyc.gov/learning/special-education/help/impartial-hearings پر جائیں |