EXHIBIT 4

## <u>FINDINGS OF FACT AND DECISION</u>

Case Number:                    250852
Student's Name:                 A█ Z█
School District:                22
Impartial Hearing Officer:      P. David Korngold
Date of Filing:                 July 5, 2023
Hearing Requested By:           Parent
Private School                  IBRAIN
Date of Hearing:                September 7, 2023
Record Close Date:              November 16, 2023
Date of Decision:               November 16, 2023

=

## **NAMES AND TITLES OF REPRESENTATIVES**

**For the Student:**

Zack Zylstra, Esq., Parents' Attorney

**For the New York City Department of Education:**

Michael Isenberg, Esq., District Representative

## **NAMES AND TITLES OF PERSONS WHO TESTIFIED**

**For the Student:**

Tiffany Semm Special Education Teacher

Sylvia Arje Parent

**For the New York City Department of Education:**
**NONE**

## **INTRODUCTION**

Parent filed a Due Process Complaint ("DPC") against the New York City Department of Education ("DOE" or "District") pursuant to the Individuals with Disabilities Education Act ("IDEA") and Part 200.5 of the Regulations of the Commissioner of New York State, alleging that DOE failed to offer Student a free appropriate public education ("FAPE") for the 2022-2023 school year causing Parent to unilaterally place Student in Private School (Ex. A).

Parent alleges, inter alia, that in developing an Individualized Education Plan ("IEP") for Student, DOE: 1) failed to provide suitable placement; and 2) failed to properly evaluate Student's academic needs. (Ex. A). In addition to the allegations regarding the denial of FAPE, Parent alleges that Private School is an appropriate placement for Student and that the equities support a claim for tuition reimbursement for the 2022-2023 school year (Ex. A).

By way of relief, Parent seeks: a declaration of the denial of a FAPE for the 2023-2024, school year; an award of tuition reimbursement for Student's attendance for that school year and any additional relief determined to be appropriate (Ex. A). In light of the foregoing and as more fully discussed below, I find that DOE failed to provide a FAPE for the 2023- 2024 school year and, additionally, that Private School offered Student specially designed instruction sufficient to meet Student's needs.

## **PROCEDURAL HISTORY AND BACKGROUND**

I conducted Pre-Hearing Conferences in which ("PHC") I issued an order limiting the claims and relief sought to the DPC and scheduled a Due Process Hearing ("DPH). DOE reserved the right to present all defenses at the Hearing. Parties were ordered to submit disclosure five days prior to the DPH (id.)

Parent submitted a list of Exhibits, witnesses, and proffered documents. DOE provided no evidence. Parties stipulated to enter all proposed exhibits into evidence. (Tr. 32). Parent's Attorney provided an opening statement, the witnesses testified, and all Parties were given ample opportunity for questioning. Closing statements were presented in writing.

**Background**

Student is approximately five years old and currently enrolled in Private School (Ex B-1). Student was diagnosed with PLP1, a degenerative neuromuscular disorder which affects and intellectual function, muscle tone, postural responses, ability to make transitions and movement against gravity. mobility and is dependent upon (Tr. 33; Ex. B).

Prior to the 2023-2024 school year, Student Attended Private School. However, DOE did not convene an IEP meeting or make any recommendations for the current school year (Tr.- 120). Parent submitted a timely Ten-Day notice and reenrolled Student for the current school year.  Parent subsequently filed this petition in response to DOE's actions (Ex. B-2).

## LEGAL STANDARDS AND FRAMEWORK

Impartial Hearing Officers ("IHOs") are tasked with determining whether a student received a free appropriate public education ("FAPE").  *See* 20 U.S.C. § 1415(f)(3)(E)(i); 8 NYCRR § 200.5(j)(4)(i).  That determination must be made on substantive grounds and with regard to the meeting of certain procedural requirements, id.  In guiding their decision, IHOs are bound by two purposes of the IDEA: (1) to ensure that students with disabilities have available to them a FAPE that emphasizes special education and related services designed to meet their unique needs and to prepare them for further education, employment, and independent living and (2) that the rights of students with disabilities and of their parents are protected.  *See* 20 U.S.C. § 1400(d)(1)(A),(B); *Forest Grove Sch. Dist. v. T.A.,* 557 U.S. 230, 239 (2009); *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 206-207 (1982).

A FAPE is offered to a student when (a) the board of education complies with the procedural requirements set forth in the IDEA, and (b) the IEP is reasonably calculated to enable student to receive educational benefits.  *See Rowley*, 458 U.S. at 206-207*; R.E. v. New York City Dep't of Educ.,* 694 F.3d 167, 189-190 (2d Cir. 2012); *M.H. v. New York City Dep't of Educ.,* 685

1

F.3d 217, 245 (2d Cir. 2012).  More specifically, the educational program must be "reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances." *Endrew F. v. Douglas Cty. Sch. Dist. RE-1*, 580 U.S. 386, 137 S. Ct. 988, 1001 (2017).

Regarding procedural requirements, to deprive a student of a FAPE, the procedural inadequacies must have impeded the student's right to a FAPE, significantly impeded the parent's opportunity to participate in the decision-making process or deprived student of educational benefits.  *See* 20 U.S.C. §1415(f)(3)(E)(ii); 34 CFR § 300.513(a)(2) and 8 NYCRR § 200.5(j)(4)(ii).

Regarding the substantive requirement, as the words in FAPE indicate, students are entitled to an "appropriate" education, "not one that provides everything that might be thought desirable by loving parents." *Walczak v. Florida Union Free Sch. Dist.,* 142 F.3d 119, 132 (2d Cir. 1998), *quoting Tucker v. Bay Shore Union Free Sch. Dist.,* 873 F.2d 563, 567 (2d Cir. 1989).  The IEP, which is at the center of the analysis, must address the "unique circumstances of the child for whom it was created." *Endrew F.,* 137 S. Ct. at 1001.  It must also be "likely to produce progress, not regression."  *See Cerra v. Pawling Cent. Sch. Dist*, 427 F.3d 186, 195 (2d Cir. 2005), *quoting Walczak*, 142 F.3d at 130 (citations omitted).

Accordingly, an IEP must include a statement of the student's present levels of academic achievement and functional performance, establish annual goals designed to meet the student's needs resulting from the student's disability and enable student to make progress in the general education curriculum, and must provide appropriate special education and services.  *See generally* 34 CFR § 300.320(a) and 8 NYCRR § 200.4(d)(2).  The IEP must be developed in consideration of the student's: "(1) academic achievement and learning characteristics, (2) social development, (3) physical development, and (4) managerial or behavioral needs." *Brock v. N.Y. City Dep't of Educ.,* 2015 WL 1516602, 2015 U.S. Dist. LEXIS 44254, 3 (S.D.N.Y. 2015), *quoting M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d at 224 (further citation omitted).  Finally, the student's

recommended program must be provided in the least restrictive environment ("LRE").  *See* 20 U.S.C. § 1412(a)(5)(A); 34 CFR § 300.114(a)(2)(i), 34 CFR § 300.116(a)(2); 8 NYCRR § 200.1(cc), 8 NYCRR § 200.6(a)(1).

### **Overview of Unilateral Placement and Tuition Reimbursement Analysis**

Decisions concerning tuition reimbursement matters must focus on the seminal United States Supreme Court cases of *Sch. Comm. of Burlington, Mass. V. Dep't of Educ. of Mass.,* 471 U.S. 359 (1985) and *Florence Cnty. Sch. Dist. Four v. Carter*, 510 U.S. 7 (1993) and their progeny. Read together, the seminal cases produced what is commonly referred to as the "*Burlington/Carter*" test which establishes the framework for inquiry.  Pursuant to the test, parents who unilaterally place their children in private school will be entitled to reimbursement if (1) the school district's proposed placement was inadequate or inappropriate, (2) the parent's alternative private placement is appropriate to meet the student's needs, and (3) equitable considerations support the claim.  *See Sch. Comm. of Burlington, Mass. V. Dep't of Educ. of Mass.*, 471 U.S. 359, 369-370 (1985) and *Florence Cnty. Sch. Dist. Four v. Carter*, 510 U.S. 7, 15-16 (1993).  *See also Brock,* 2015 WL 1516602, 2015 U.S. Dist. LEXIS 44254, 14 *quoting E.M. v. N.Y.C. Dep't of Educ.,* 758 F.3d 442, 451 (2d Cir 2014).

Generally, DOE bears the burden of proof, including the burdens of persuasion and production, in IDEA due process hearings.  However, in a tuition reimbursement matter, the parent bears the burden of proof, including the burdens of persuasion and production, solely on the issue of the appropriateness of the placement.  See NYS Educ Law § 4401(1)(c); *see R.E v. New York City Dep't of Educ.*, 694 F.3d 167, 184-185 (2d Cir. 2012).   Accordingly, in a tuition reimbursement matter, DOE bears the burden of proof on what is commonly referred to as Prong One, the provision of a FAPE.  Should it be determined that a FAPE was not provided, the burden then shifts to the parent to prove what is commonly referred to as Prong Two, the appropriateness of the parentally selected placement.  Thereafter a balancing of the equities must be conducted with DOE bearing the burden of proof on Prong Three (*Id*).

## FINDINGS OF FACT AND DECISION

## The Provision of a FAPE

In IDEA impartial due process proceedings conducted in New York, the burden is on the DOE to establish that it provided a student with a FAPE. *M.W. ex rel. S.W. v. New York City Dept. of Educ.*, 725 F.3d 131, 135 (2d Cir. 2013); *A.M. ex rel. E.H. v. New York City Dept. of Educ.*, 845 F.3d 523, 535 (2d Cir. 2017). Although Parent bears no burden on this issue, the substantial documentary evidence submitted by Parent shows that DOE did not provide Student a FAPE.

DOE did not present any witness testimony including rebuttal witnesses (Tr.- 29, 124). Witness testimony would have been probative to explain why Student's IEP was not developed and implemented for the current school year.  The Supreme Court has stated that "[a] reviewing court may fairly expect those authorities [school district staff] to offer a cogent and responsive explanation for their decisions that shows the IEP is reasonably calculated to enable the child to make progress appropriate in light of his circumstances." *Endrew F.*, 137 S. Ct. at 1002. The evidence shows that Student suffers from a myriad of conditions which impact learning severely. Moreover, An IEP program that would allow Student to access an education would clearly need to be very comprehensive and highly individualized to enable Student to make appropriate progress as required under *Endrew F.* Without an IEP or any evidence whatsoever, DOE failed to demonstrate that FAPE was provided for the 2023-2024 school year.

## Prong Two- Appropriateness of Parent's Placement

When a parent seeks tuition reimbursement after unilaterally placing their child in a private program, the parent must demonstrate that the program is appropriate to meet their child's needs. *A.D. ex rel. E.D. v. Bd. of Educ. Of City Sch. Dist. Of New York*, 690 F.Supp.2d 193, 206 (S.D.N.Y. 2010).  The issue is whether the placement is "reasonably calculated to enable the child to receive educational benefits. "*Gagliardo v. Arlington Cent. Sch. Dist.,* 489 F.3d 105, 112 (2d Cir 2017), *citing Frank G. v. Bd. of Educ.,* 459 F.3d 356, 364 (2d. Cir 2006).   The "unilateral private

4

placement is only appropriate if it provides 'education instruction specifically designed to meet the unique needs of a handicapped child.'" *Gagliardo*, 489 F.3d at 115 *quoting Frank G.,* 459 F.3d at 365.  The Parent must prove appropriateness by a preponderance of the evidence. *See* NYS Educ Law § 4401(1)(c); *see R.E.,* 694 F.3d at 184-185.

Among the considerations are whether the private placement is likely to produce progress, not regression. *See Gagliardo*, 489 F.3d at 112, *quoting Walczak*, 142 F.3d at 130.  Moreover, as specifically noted in *Frank G.,*

> No one factor is necessarily dispositive in determining whether parents' unilateral placement is reasonably calculated to enable the child to receive educational benefits.  Grades, test scores, and regular advancement may constitute evidence that a child is receiving educational benefit, but courts assessing the propriety of a unilateral placement consider the totality of the circumstances in determining whether that placement reasonably serves a child's individual needs.  To qualify for reimbursement under the IDEA, parents need not show that a private placement furnishes every special service necessary to maximize their child's potential.  They need only demonstrate that the placement provides educational instruction specifically designed to meet the unique needs of a handicapped child, supported by such services as are necessary to permit the child to benefit from instruction.

*Gagliardo*, 489 F.3d at 112, *quoting Frank G.,* 459 F.3d at 364-365.

## Determining Appropriateness

I find that Parent has proven by a preponderance of the evidence that the unilateral placement was appropriate. The testimony demonstrated that Private School employed: a) well-educated teachers; b) small class sizes and where appropriate 1:1 instruction utilizing proven methodology (Ex. I, 1-40; 16); and Student has made appropriate progress. (Tr. – 58; Ex. G 4-7, 18; Ex. I-4).

## Student's Specific Educational Needs and Progress

5

I find that the Private School identified Student's specific educational needs and Student made measurable progress. Student was comprehensively tested before an individualized, targeted, curriculum was implemented. Notably, Student's IEP was entirely prepared by Private School not DOE (Ex. B) Private School created a comprehensive plan that was tailored to Student's strengths (*id.*). Overall, Student made incremental progress in multiple subjects as delineated in Exhibit G.

## **Prong Three- Equities**

The equities in this matter weigh in favor of Parent's placement

In deciding whether equities support the claim, including whether the remedy should be barred altogether or modified in some way, IHOs must consider a multitude of relevant facts. These can include whether the cost of the private education was unreasonable (*see L.K. v. New York City Dep't of Educ.,* 674 Fed. App'x 100, 101 [2d Cir. Jan. 19, 2017]), whether the parents failed to make their child available for evaluation by the district (*see* 20 U.S.C. § 1412[a][10][C][iii][III]) or whether actions taken by the parents were unreasonable (*see* 20 U.S.C. § 1412[a][10][C][iii][III]; *C.L. v. Scarsdale Union Free Sch. Dist.,* 744 F.3d 826, 840 [2d Cir. 2014] [stating, "[i]mportant to the equitable consideration is whether the parents obstructed or were uncooperative in the school district's efforts to meet its obligations under the IDEA*"]; Mr. and Mrs. A v. New York City Dep't of Educ.,* 769 F. Supp.2d 403, 419 [S.D.N.Y. 2011] [finding equities met where parents cooperated in good faith at all times with the DOE, participated in the CSE meeting, visited proposed placements and notified district of unilateral placement].) The Second Circuit also has looked at whether the parents should have availed themselves of need-based scholarships or other financial aid from the private school, whether there was any fraud or collusion by the parent or the private school in generating the tuition or whether the arrangement with the school was fraudulent or collusive. *See E.M. v. New York City Dep't of Educ.,* 758 F.3d 442, 461 (2d Cir. 2014).

Additionally, as part of the equities analysis, reimbursement may be reduced or denied if the parents do not provide notice of the unilateral placement either at the most recent CSE meeting

prior to their removal of the student from public school or by written notice 10 business days before such removal.  That notice must state that the parent is rejecting the proposed placement and must include their concerns and intent to enroll the student in a private school at public expense.  See 20 U.S.C. § 1412(a)(10)(C)(iii)(I).  The purpose of this statute is to enable the school district an opportunity to take the necessary steps to determine whether it can provide a FAPE to the student in a public school setting.  *See e.g. Greenland Sch. Dist. v. Amy N.,* 358 F.3d 150, 160 (1st Cir. 2004).  As the Second Circuit explained, "[t]he ten-day notice requirement gives school districts an opportunity to discuss with parents their objections to the IEP and to offer changes to the IEP designed to address those objections—all before the parents enroll their child in a private school and file a due process complaint."  Further, "if parents unreasonably reject the school district's proposed changes to the IEP, or are otherwise uncooperative, courts and hearing officers are fully empowered to deny them reimbursement*." Bd. of Educ. of Yorktown Cent. Sch. Dist. v C.S.,* 990 F.3d 152, 171 (2d Cir. 2021).  Parents of students enrolled in private school are not exempted from 10-day notice requirements.  *See S.W. v New York City Dep't of Educ.,* 646 F. Supp. 2d 346, 361-363 (S.D.N.Y. 2009).

## Analysis of Equities

Regarding the evidence presented, I find that Parent acted in "good faith" as required under the *Yorktown* standard. However, the request for reimbursement is only partially justified.  Parent provided a timely Ten-Day Letter and articulated the reasons why Parent believed Student must remain at Private School. Furthermore, DOE did not convene an IEP meeting or construct an IEP for the 2023-2024 school year (Exs. A, H, I). Without any input from DOE Parent had no alternative but to reenroll Student in Private School.  Therefore, Parent acted in good faith.

Regarding the cost of the Private School, the evidence shows that tuition is broken down into two categories; Base Education in the amount of $190,000.00: and Related Services in the amount of $100,898.00. In addition, transportation is billed separately at $128,620.00.

Clearly, for Base Education and Related Services to constitute two separate reimbursable categories, additional services must have been provided over and above the Base Education to justify those additional costs. Otherwise, there is no meaningful distinction between them. However, the evidence shows that Related Services were provided in lieu of Base Education services, not in addition to them.

Student received six different Related Services including "occupational therapy, physical therapy, speech-language therapy, vision education services, assistive technology services, and music therapy, all in 60-minute sessions" (Tr. – 34). These were given on a push/in or pull/out basis. Occupational, Speech Language, and Physical Therapies were administered five-times per week. Music therapy was administered four times per week, once per week in group session. The frequency of Vision Therapy was not delineated; however, the evidence consistently refers to it as part of Student's curriculum and therefore, it presumably constituted a significant portion of the week (Tr. – 34; Exs. B, I – 4; Parent's Brief – 10 *citing* Exhibit D). Assistive technology therapy was given once per week (Ex. B, Ex. I-4). Even if some of the Related Services took place inside the General Education Classroom, Student, a four your old child with traumatic brain injury, was not simultaneously receiving Base Education during administration of various therapies. Therefore, either Student was receiving Base Education, or Related Services; not both.

Although Student received an extended school day, the evidence shows that this additional time was not spent on general education being that "Student requires extended time to aid in motor planning and cognitive processing during all activities, as well as benefits from modeling" (Ex. B – 6). Parent additionally states that the extended time aided in preparation for arrival and dismissal (Parent's Brief – 3). As a result, I find that the provision of Related Services was at the expense of Base Education not in addition to it. Consequently, the proper way to account for providing Related Services would have been to reduce the amount of Base Educational Services by the amount of the Related Services since no additional services were provided. Therefore, the request for reimbursement for $100,848.00 in Related Services is improper and hereby denied.

8

Parent also requests reimbursement for the const of transportation in the amount of $128,620.00. DOE argues that the amount is excessive, unwarranted, and unsupported by the evidence. However, DOE concedes that Parent should be reimbursed for the cost of a wheelchair lift transportation and a 1:1 para (DOE Brief – 9). Although DOE contends that the amount Parent requests is excessive, DOE provides no evidence regarding what transportation should cost or how excessive Parent's demand is.

I find that Parent is entitled to reimbursement for the cost of transportation. However, it would be inequitable for Parent to contract with a transportation company that bills at excessive rates. The evidence shows that Student requires a paraprofessional, a wheelchair lift, air-conditioning, and limited travel time. I find that Parent is entitled to reimbursement at market rate. for those services.

I, therefore, find that DOE must bear the cost for the unilateral placement in the amount of $190,000.00 for the 2023-2024 school year. In addition, Parent must be reimbursed for transportation expenses at market rate.

## **OTHER CONTENTIONS**

There are no other contentions sought in this Due Process Complaint.

**<u>ORDERS</u>**

IT IS HEREBY ORDERED that the New York City Department of Education ("DOE") is to fund the cost of Student's 2023-2024 school year tuition and pay to Private School a total amount of $190,000.00 and it is further ordered:

THAT the New York City Department of Education ("DOE") is to fund the cost of Student's transportation for a sixty-minute trip each way, in a climate-controlled vehicle with a wheelchair lift, and a paraprofessional at the market rate of such transportation.

SO ORDERED.

November 16, 2023

//P. David Korngold// (Signed Electronically)
_____
Impartial Hearing Officer

10

## NOTICE OF RIGHT TO APPEAL

Within 40 days of the date of this decision, the parent and/or the Public School District has a right to appeal the decision to a State Review Officer (SRO) of the New York State Education Department under section 4404 of the Education Law and the Individuals with Disabilities Education Act.

If either party plans to appeal the decision, a notice of intention to seek review shall be personally served upon the opposing party no later than 25 days after the date of the decision sought to be reviewed.

An appealing party's request for review shall be personally served upon the opposing party within 40 days from the date of the decision sought to be reviewed. An appealing party shall file the notice of intention to seek review, notice of request for review, request for review, and proof of service with the Office of State Review of the State Education Department within two days after service of the request for review is complete. The rules of procedure for appeals before an SRO are found in Part 279 of the Regulations of the Commissioner of Education. A copy of the rules in Part 279 and model forms are available at http://www.sro.nysed.gov.

**APPENDIX A- REDACTION IDENTIFICATION PAGE**

## <u>APPENDIX B- DOCUMENTATION ENTERED INTO THE RECORD</u>

IHO Exhibits

NONE

## PARENT EXHIBITS

| PARENT EXHIBIT | DATE | DESCRIPTION | NUMBER OF PAGES |
|---|---|---|---|
| A | 07/05/2023 | Due Process Complaint – IH # 250852 | 7 |
| B | 08/18/2023 | iBRAIN IEP 2023-24 School Year | 42 |
| C | 06/20/2023 | Ten Day Notice 2023-24 School Year | 2 |
| D | 07/01/2023 | iBRAIN Enrollment Contract 2023-24 School Year | 6 |
| E | 07/25/2023 | Transportation Agreement 2023-24 School Year | 6 |
| F | 09/02/2022 | Medical Forms 2022-23 School Year | 19 |
| G | 07/07/2023 | Quarterly Progress Report 2022-23 School Year | 19 |
| H | 09/01/2023 | Sylvia Arje Affidavit 2023-24 School Year | 2 |
| I | 09/01/2023 | Tiffany Semm Affidavit 2023-24 School Year | 4 |

## DOE EXHIBITS -NONE