UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARJE, et al.,

Plaintiffs,

v.

BANKS, et al.,

Defendants.

24 Civ. 3115 (DEH)

**MEMORANDUM OPINION AND ORDER**

DALE E. HO, United States District Judge:

Plaintiffs Sylvia Arje, Massiel de la Cruz, and Patrick Donohue are parents and guardians of three students with disabilities who are currently enrolled at the International Institute for the Brain ("iBRAIN"). On April 24, 2024, they filed the Complaint, which was brought pursuant to the Individuals with Disabilities Education Act ("IDEA") and alleges, *inter alia*, that the New York City Department of Education (the "DOE") and its then-Chancellor, David C. Banks[1] (collectively, "Defendants") failed to implement or otherwise comply with final administrative orders that fully funded each student's attendance at iBRAIN. Compl. ¶¶ 167-69, ECF No. 1; Pls.' Mem. of L. in Supp. of Mot. for Prelim. Inj. ("Pls.' Mem.") at 1, ECF No. 7. Plaintiffs now seek a preliminary injunction requiring Defendants to immediately fund the students' placements at iBRAIN. *See* Pls.' Mem. at 1; Pls.' Proposed Order to Show Cause, ECF No. 6. For the reasons explained below, namely, Plaintiffs' failure to demonstrate irreparable harm, the Motion for a Preliminary Injunction is **DENIED**.

For this Court to grant a preliminary injunction, Plaintiffs "must show that they are 'likely to succeed on the merits, that they are likely to suffer irreparable harm in the absence of preliminary

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the caption of this case shall be updated to reflect that David C. Banks is no longer Chancellor of the New York City Department of Education.

relief, that the balance of equities tips in their favor, and that an injunction is in the public interest.'" *Ogunleye v. Banks*, No. 23 Civ. 9092, 2025 WL 1078301, at *1 (S.D.N.Y. Mar. 27, 2025) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "A showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Ogunleye*, 2025 WL 1078301, at *1 (quoting *Reuters Ltd. v. United Press Int'l*, 903 F.2d 904, 907 (2d Cir. 1990)).

Here, no such showing has been made. Defendants argue that "Plaintiffs [have] proffer[ed] no evidence, by declaration or exhibit, that the students' educational placement is at risk or will be interrupted absent an immediate payment." Defs.' Mem. of L. in Opp'n to Pls.' Appl. by Order to Show Cause for Prelim. Injunctive Relief ("Defs.' Mem.") at 11, ECF No. 12. The Court agrees. Rather than present any evidence tending to show that the students' continued enrollment at iBRAIN has been jeopardized by Defendants' alleged nonpayment, Plaintiffs focus on the fact that Defendants are in arrears and argue that this default is indicative of a larger pattern of malfeasance by the DOE. *See* Pls.' Mem. at 1; *id.* at 2-8 (describing an unrelated "class-action lawsuit against DOE for its systemic failure to implement final administrative orders promptly"). But "[b]ecause this dispute is about educational *funding*—not educational *placements*—Plaintiffs are unable to show that their harm is irreparable." *Mendez v. Banks*, No. 22 Civ. 8397, 2022 WL 6807537, at *1 (S.D.N.Y. Oct. 11, 2022). As in other cases decided in this District where "Plaintiffs have failed to allege that the delay in disbursing funds will affect the students' educational placements in any way," *id.*, the Court holds that a preliminary injunction should not issue here. *See, e.g.*, *Ogunleye*, 2025 WL 1078301, at *2 (declining to issue a preliminary injunction against the DOE and its Chancellor after noting that "[a]bsent a showing that the students are at risk of losing their . . . placements, money damages can provide an adequate remedy in the underlying suit"); *Abrams v. Carranza*, No. 20 Civ. 5085, 2020 WL 4504685, at *1 (S.D.N.Y. Aug. 5, 2020) ("While the

parties apparently have certain disputes over payment . . . such a dispute does not implicate irreparable harm, at least where, as here, there is no imminent threat to the educational services themselves.”).

Because Plaintiffs fail to demonstrate irreparable harm, the Court need not reach the parties’ additional arguments to decide this Motion. The absence of irreparable harm is fatal to the Motion; Plaintiffs’ Motion for a Preliminary Injunction is therefore **DENIED**.

The parties are directed to meet and confer in good faith regarding any outstanding balances owed to Plaintiffs and/or iBRAIN. In light of Defendants’ representations that they do not contest Plaintiffs’ entitlement to finding and/or reimbursement, and that “the payments that Plaintiffs demand have already been issued, will be issued shortly, or are awaiting supporting documents from Plaintiffs,” Defs.’ Mem. at 3, the parties are hereby ORDERED to file a joint status letter **by June 16, 2025**, apprising the Court of any remaining issues (for example, any outstanding payments and why any such payments have not yet been made) and proposing next steps in this litigation.

The Clerk of Court is respectfully requested to terminate ECF No. 7. Furthermore, and in accordance with Federal Rule of Civil Procedure 25(d), the Clerk of Court is respectfully directed to substitute Chancellor Melissa Aviles-Ramos for Chancellor David C. Banks as Defendant and to update the docket accordingly.

SO ORDERED.

Dated: June 2, 2025

New York, New York

DALE E. HO
United States District Judge