UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

SYLVIA ARJE, as Parent and Natural Guardian of Z.A., and
SYLVIA ARJE, Individually,

MASSIEL DE LA CRUZ, as Parent and Natural Guardian
of D.D.L.C., and MASSIEL DE LA CRUZ, Individually,

PATRICK DONOHUE, as Parent and Natural Guardian of
S.J.D., and PATRICK DONOHUE, Individually,

*Plaintiffs*,

-against-

KAMAL H. SAMUELS, in his official capacity as
Chancellor of the New York City Department of Education,
*et al.*,

*Defendants*.

------------------------------------------------------------------------- x

**REMAND ORDER**

No. 24 CV 3115 (DEH)

     **WHEREAS**, Plaintiffs Sylvia Arje, both individually and as Parent and Natural

Guardian of Z.A.; Massiel de la Cruz, both individually and as Parent and Natural Guardian of

D.D.L.C.; and Patrick Donohue, both individually and as Parent and Natural Guardian of S.J.D.

(collectively, "Plaintiffs"), commenced this action on or about April 24, 2024, asserting claims

arising under, *inter alia*, the Individuals with Disabilities Education Act ("IDEA") and pertaining

to impartial hearings commenced under that Act;

     **WHEREAS**, Plaintiffs moved for summary judgment against the Defendants

Kamar H. Samuels[1] and the New York City Department of Education (collectively, "Defendants"

---

[1] Samuels is substituted automatically in the place of the prior chancellor, who was sued in his official capacity, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

or the "DOE") on or about August 18, 2025, and that Motion was fully briefed as of October 14, 2025;

WHEREAS, the Court rendered a decision on the aforementioned Motion on March 27, 2026, during a telephonic conference at which the Court read its decision denying Plaintiffs' Motion for summary judgment onto the record and requesting whether any party sought remand to the respective impartial hearing officers; and

WHEREAS, a transcript of the Court's March 27, 2026 decision is annexed hereto and is incorporated herein;

**NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

1.	With respect to Plaintiffs Sylvia Arje and Z.A., this matter is remanded to the impartial hearing officer presiding over Impartial Hearing Case No. 250852 for further proceedings consistent with the annexed decision with respect to "the issue of late fees and interest."

2.	With respect to Plaintiffs Massiel de la Cruz and D.D.L.C., this matter is remanded to the impartial hearing officer presiding over Impartial Hearing Case No. 250961 for further proceedings consistent with the annexed decision with respect to "the issue of late fees and interest."

3.	With respect to Plaintiffs Patrick Donohue and S.J.D., this matter is remanded to the impartial hearing officer presiding over Impartial Hearing Case No. 251257 for further proceedings consistent with the annexed decision with respect to "the issue of late fees and interest" and with respect to whether the "phrase 'to and from' . . . means all contractual transportation costs or whether it means the actual costs of transporting [S.J.D.] to and from their home on the days that [S.J.D.] actually used transportation services."

-3-

**SO ORDERED.**

Dated: May 4, 2026
New York, New York

_____
DALE E. HO
United States District Judge

Q3R5arjC                          phone conference

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x

SYLVIA ARJE, *et al.*,

                Plaintiffs,

          v.                                  24 Civ. 3115 (DEH)
                                              Remote Proceeding

MELISSA AVILES-RAMOS, *et al.*,

                Defendants.

-------------------------------x
                                              New York, N.Y.
                                              March 27, 2026
                                              9:35 a.m.

Before:

                        HON. DALE E. HO,

                                              U.S. District Judge


                          APPEARANCES


LIBERTY & FREEDOM LEGAL GROUP
     Attorneys for Plaintiffs
BY:   JEFFREY A. SPINNER


STEVEN BANKS
 Corporation Counsel for the City of New York
BY:   DAVID S. THAYER
      Assistant Corporation Counsel


                  SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

Q3R5arjC                          phone conference

(The Court and all parties appearing telephonically)

THE DEPUTY CLERK:  Counsel, can you please state your names for the record, starting with the plaintiff.

MR. SPINNER:  Good morning, your Honor.

May it please the Court, appearing on behalf of the plaintiffs attorney Jeffrey Arlen Spinner from the Liberty & Freedom Legal Group.  I am appearing in the place of attorney Rory Bellantoni who is home ill today.

MR. THAYER:  Good morning, your Honor.

This is David Thayer from the New York City Law Department on behalf of the defendant.  Good morning.

THE DEPUTY CLERK:  Counsel, this is a reminder that this is a public proceeding.  Members of the public and press can access the proceeding with a public dial-in number.  Please be aware just as if you physically present in the courtroom, you are prohibited from recording, rebroadcasting, or disseminating any recording of court proceedings including this one.

Your Honor.

THE COURT:  Good morning.  We are here on plaintiff's motion for summary judgment at ECF no. 34 and before I go any further I want to confirm, Mr. Spinner, that you are here on behalf of all of the plaintiffs in this matter; is that right?

MR. SPINNER:  That is correct, your Honor.

THE COURT:  OK.  And you are at the Liberty & Freedom

Legal Group which is counsel in the case. You haven't entered a notice of appearance but I will permit your appearance today for purposes of attending this conference for the reasons that you stated.

Let me ask you if you think there is a chance you are going to be making future appearances in this matter?

MR. SPINNER: It is possible, your Honor, depending on the disposition of the summary judgment motion. And if that is the case, if the matter is not disposed of today, I will file formal notice after appearance in the case.

THE COURT: Yes. I think that would be appropriate, so thank you for that.

OK. So, as I said, we are here on plaintiff's motion for summary judgment at ECF no. 34. I have reviewed the papers and I think the most expeditious way to handle this is for me to rule orally rather than for you to wait around for a written opinion. I think you have all waited long enough so I will give my ruling and the basis for the ruling.

Plaintiff's motion is denied. Let me start by stating the standard for summary judgment. As you all know, summary judgment is only appropriate if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. A genuine factual dispute exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party.

Q3R5arjC                         phone conference

Let me start with an overview.  I am going to assume everyone is familiar with the facts of this case from the parties' briefing, but in short, plaintiff seeks summary judgment with respect to three issues:  First, late fees and interest; second, transportation costs for one student SJD; and third attorneys fees and costs in connection with the underlying administrative proceedings as well as this federal action.  So I will take those issues in turn, starting with late fees and interest.

Several Courts in this district have addressed the issue of late fees and interest and have held that such issues should be determined, in the first instance, administratively by an impartial hearing suffer or IHO.  The basis for those rulings stems from the Second Circuit's ruling in *Mendez v. Banks* at 65 F 4th 56 in 2023.  There, the Second Circuit explained that the IDEA generally does not require that tuition be funded prospectively.  Rather "The DOE must first withhold payments that have actually accrued before plaintiffs can seek those payments in court."  That's at page 61.

Now, applying that logic, one Court in this district recently rejected a claim for late fees analogous to the one asserted here, concluding that "The argument the DOE was obligated to make prospective tuition payments or incur substantial late fees based on a contract to which it is not a party and had no part in negotiating, stands in direct

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

contradiction of the Second Circuit's decision in *Mendez*.  And that is *Chaperon v. Banks*, 24 Civ. 5135 2025 WL 227908 at page 9 (S.D.N.Y. August 4, 2025).  Now, the reasoning there is if defendants have no obligation to pay tuition prospectively, they can't be held liable for late fees, associated with a failure to do so, particularly when those fees are separate and apart from the costs of tuition itself and are set forth in a private contract to which DOE is not a party.  And several other decisions in this district have adopted that reasoning, for example, *Thomas v. Banks*, no. 24 Civ. 5138 2026 WL 100753 (January 14, 2026); also *Davis v. Aviles-Ramos*, 25 Civ. 755, the 2026 WL 44725, (Jan. 7, 2026) and *Beckford v. Aviles-Ramos*, 24 Civ. 9930, 2025 WL 2781539 (Sept. 30, 2025)

Plaintiff's brief in this case has no direct answer on these points and does not address these cases which the Court finds persuasive.  I will say that while the Court expresses some skepticism as to whether these costs are available under the IDEA at all, I acknowledge that the IHO did not address this question and I conclude that the IHO should have the opportunity to do so in the first instance, should any party seek remand.  Indeed, that's what I did in a recent case, *Mondano v. Banks*, no. 24 Civ. 8241.

Now, plaintiffs contend here that the IHO has already implicitly validated the contractual arrangements that provide for late fees and interest but the Court disagrees for the

Q3R5arjC                        phone conference

reasons stated in that decision I just referenced, *Mondano*.

Plaintiffs also argue they should be excused from administration exhaustion as futile but if they are in fact entitled to these fees, which the IHO has not yet directly addressed, then there is nothing stopping plaintiffs from requesting it prospectively as they do when they seek attorneys fees and costs so I find that administrative exhaustion is not futile here and, accordingly, plaintiff's motion for summary judgment on this particular issue is denied.

With respect to transportation costs for SJD, this Court is persuaded by the reasoning in Judge Furman's opinion in *Davis v. Banks*, no. 22 Civ. 8184, 2023 WL 5917659 (September 11, 2003), where he held that the phrase "to and from" which is the same language at issue here, is unclear as to whether it means all contractual transportation costs or whether it means the actual costs of transporting the student to and from their home on the days that the student actually used transportation services.  It, therefore, should be resolved or at least clarified by the IHO in the first instance.

I will note that plaintiff's brief does not address the *Davis* decision in their reply.  Their only argument in response is that defendant's reading of the IHO's decision imposes undue procedural hurdles on them to obtain reimbursement, but that assumes that the IHO's decision is

Q3R5arjC                        phone conference

clear that SJD is entitled to the full extent of transportation costs under the contract or only the actual costs on the days that the student used transportation services and that is the very issue that this Court finds unclear in the IHO's determination.  Accordingly, plaintiff's motion for summary judgment on this issue is denied.

Finally, with respect to attorney's fees and costs, in lieu of the rulings above, the Court defers decision on this question as it is unclear whether plaintiffs will in fact prevail in the federal matter, and given that remand in the underlying administrative proceedings seems appropriate and therefore likely, the Court defers on the question of fees and costs with respect to the administrative proceedings as well. Accordingly, plaintiff's motion for summary judgment on this issue is denied without prejudice to renewal.

As for next steps in this case, I will say that it is unclear to me as to what the appropriate next steps are.  As you mentioned, I think that remand appears to be appropriate next with respect to two of the issues raised by plaintiffs but it is unclear to the Court what the procedural mechanism should be for that.

It is also not clear to the Court, although I have deferred ruling on plaintiffs' requests for fees and costs associated with the administrative proceedings, whether that request ought to be resolved before or after any remand, if

Q3R5arjC                         phone conference

that in fact is the next step.

What I will do is direct the parties to meet and confer within the next seven days and to submit a status letter within the next seven days of that so the status letter is due within 14 days of this conference, proposing next steps in this litigation including whether any side seeks remand to the IHO and appropriate procedural vehicle for that, and also the other question that I had about whether or not plaintiffs requests for attorneys fees and costs associated with the underlying administrative proceedings thus far should be adjudicated now or afterwards and any other issues that the parties wish to address.

So, that's my ruling.  I will issue a very short written order that memorializes the scope of the ruling but doesn't delve unto the reason, I will refer you to the transcript for that, and there is a court reporter on so that transcript is available if anyone needs it.

Are there any questions from the parties?  Let me start with Mr. Spinner.

MR. SPINNER:  None from the plaintiff, your Honor, and I thank you for this oral ruling.  It is rather refreshing, actually.

THE COURT:  Good.  I am glad.  I know people sometimes prefer something written but I just thought it would be a lot faster and it has been long enough.  So, I'm doing my best to

Q3R5arjC                                phone conference

try to turn these around quickly, but in the future I will try to get to these even faster.

Mr. Thayer.

Go ahead, Mr. Spinner.

MR. SPINNER:  I was going to say, your Honor, I had the privilege of serving as a state court judge for 21 years so I am familiar with the workload that is faced by those on the bench and how it can sometimes be overwhelming.

THE COURT:  Well, I think you probably had it worse than I do.  So, thank you for your service on state court.

MR. SPINNER:  Thank you, your Honor.

THE COURT:  Mr. Thayer?

MR. THAYER:  Nothing from the defendants, your Honor. Thank you.

THE COURT:  OK.  Thank you both very much for your time, and I will look forward to seeing your status letter in two weeks.

oOo